THE LOUISVILLE, NEW ALBANY AND CHICAGO R. W. Co.
*v.* JOHNSON.

RAILROAD.—*Stock killed.*—*Jurisdiction of Circuit Court.*—*Dismissal of Action after Verdict.*—If, upon the trial of an action originating in the circuit court, against a railroad company, to recover under the statute, 1 R. S. 1876, p. 752, for stock killed on the defendant's railroad, the jury find that the value of the stock killed was less than fifty dollars, the court should at once dismiss the . ause, notwithstanding the fact that the complaint alleges such value to have been in excess of fifty dollars.

From the Owen Circuit Court.

*D. R. Eckels,* for appellant.

*W. A. Montgomery* and *S. O. Pickens,* for appellee.

WORDEN, J.—Action by the appellee, against the appellant, under the statute, to recover the value of a colt

alleged to have been killed by the engine and cars of the company upon its road, the same not being fenced. The action appears to have been commenced in the circuit court, and the value of the colt was alleged to have been sixty dollars, and damages were demanded in that amount.

The cause was submitted to a jury for trial, and the jury returned a verdict for the plaintiff, assessing his damages at forty-seven dollars. In answer to an interrogatory, the jury returned that the fair market value of the colt was forty-seven dollars.

Thereupon the defendant moved the court to dismiss the cause for the want of jurisdiction, but the motion was overruled, and judgment rendered for the plaintiff on the verdict. Exception.

The statute relating to the jurisdiction in such cases provides, " That whenever any animal or animals shall be or shall have been killed or injured by the locomotives, cars, or other carriages used on any railroad in, or running into or through this State, * * * the owner thereof may go before some justice of the peace of the county in which such killing or injuring occurred, and file his complaint in writing, and such justice shall fix a day to hear said complaint, * * * but in all cases when the value of any animal or animals so killed, or the injury done shall exceed fifty dollars, the owner or owners of any such animal or animals, may file his or their complaint, and prosecute his or their claim before such justice of the peace, in the court of common pleas, or in the circuit court of the county, at his or their option." 1 R. S. 1876, p. 752, sec. 2.

It will be seen that, by the statute, the circuit court has no original jurisdiction in such cases, unless the value of the animal or animals killed, or the injury done, shall exceed fifty dollars. And such has been the uniform ruling of this court upon the question. *The Indianapolis, etc.,*

*R. R. Co.* v. *Elliott*, 20 Ind. 430 ; *The Indianapolis, etc., R. R. Co.* v. *Kercheval*, 24 Ind. 139 ; *The Toledo, Burlington and Logansport R. W. Co.* v. *Tilton*, 27 Ind. 71; *The Jeffersonville, Madison and Indianapolis R. R. Co.* v. *Brevoort*, 30 Ind. 324.

We are not aware of any case in this court in which the precise question here involved has been presented. Here, on the face of the complaint, the court had jurisdiction, for the value of the animal killed was alleged to have been more than fifty dollars. But the jury found that the value of the animal was less than fifty dollars, and assessed the plaintiff's damages accordingly.

The question arises, which is to determine the jurisdiction of the court in such case, the value of the animal as alleged in the complaint, or the actual value as found by the jury ? We think it clear that it is the actual value as found by the jury. The statute admits of no other construction. The jurisdiction does not depend upon the alleged value of the animal or animals killed, or the alleged amount of the injury done, but upon the real value or amount of injury. Any other construction would thwart the purpose of the Legislature in withholding jurisdiction from the circuit court in such cases, where the value of the animal, or the amount of injury done, does not exceed fifty dollars ; for the plaintiff could in all cases allege the value of the animal, or the amount of injury done, to be more than fifty dollars, and thereby thrust jurisdiction upon the circuit court in the most trifling cases, contrary to the clear intention of the Legislature. It is true, that, in many cases, where the jurisdiction of the court depends upon the amount involved or in controversy, the amount claimed in the complaint will furnish the criterion of jurisdiction ; but this is not a case in which the rule can be applied further than to authorize the court to proceed to trial, if the case, on the face of the

complaint, appears to be within the jurisdiction of the court, or otherwise to dismiss it. And if, upon the trial, the fact is judicially shown that the case is not within the jurisdiction of the court, the court has no authority to proceed further with the cause, but should dismiss it. We take it to be undoubted law, that if, during the progress of a cause over which the court has apparent jurisdiction, a matter is judicially developed therein which shows that the court has no jurisdiction over the subject of the ac tion, the court can proceed no further in the cause, but must dismiss it.

We are of opinion that the court erred in overruling the motion to dismiss the cause, and in rendering judgment on the verdict.

The judgment below is reversed, with costs, and the cause remanded to the court below, with instructions to dismiss the action.

NOTE.—BIDDLE, J., dissents.