BELL v. MOUSSET, ADM'R.

No. 5678.

DECEDENTS' ESTATES.—*Appeal to Supreme Court, How Taken.*—An appeal to the Supreme Court can not be taken from any decision or judgment "growing out of any matter connected with the decedent's estate," except in the manner and within the time authorized by sections 189 and 190 of the decedents' estates act.   2 R. S. 1876, p. 557.

From the Marion Civil Circuit Court.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellant.
*A. F. Denny* and *P. Rappaport,* for appellee.

HOWK, J.—This was a claim by the appellant against the appellee, for medical services rendered the decedent in his lifetime. At the December term, 1875, of the court below, to wit, on the 31st day of December, 1875, the cause was tried by the court, and a finding was made for the appellee, the defendant below ; and the appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment against him for the appellee's costs.

On the 8th day of June, 1876, more than five months after the rendition of said judgment, an appeal therefrom was taken by the appellant, " by procuring from the clerk of the court a transcript of the record and proceedings in the suit,    *    *    *    and filing the same in the office of the Clerk of the Supreme Court," as provided in section 556 of the code, with his assignment of errors endorsed thereon.

Afterward, on the 29th day of May, 1878, the appellee moved the court in writing to dismiss the appeal herein for the following reasons, to wit:

" 1.   That said appeal was not taken within thirty days after the decision of the Marion Civil Circuit Court;

" 2.   That an appeal bond was not filed therein, within thirty days after the decision of the Marion Civil Circuit Court."

This motion has been elaborately argued by the counsel of the respective parties, both orally and in written briefs. It proceeds upon the theory, that, as the case is a claim against the estate of a decedent, and as it was filed and prosecuted to final judgment in the circuit court, under the provisions of the act of June 17th, 1852, providing for the settlement of decedents' estates, an appeal from such judgment to this court could only be taken in the mode and within the time prescribed in said act. Thus, in section 189 of said act for the settlement of decedents' estates, it is provided, in effect, that any person considering himself aggrieved by any decision growing out of any matter connected with the decedent's estate might appeal therefrom to this court, upon filing with the clerk of the trial court a bond with penalty in double the sum in controversy, in cases where an amount of money is involved, or, where there is none, in a reasonable sum, to be designated by such clerk, with sufficient surety, payable to the opposite party in such appeal, and conditioned for the diligent prosecution of such appeal, and the payment of all costs, if costs be adjudged against the appellant. Section 190 of the same act provides, that " Such appeal bond shall be filed within thirty days after the decision complained of is made, unless for good cause shown, the court to which the appeal is prayed, shall direct such appeal to be granted on the filing of such bond within one year after such decision." 2 R. S. 1876, p. 557. The appellant's counsel, in their brief upon the appellee's motion to dismiss this appeal, admit that the appeal was not taken under said sections 189 and 190 of the act for the settlement of decedents' estates, and do not claim to have complied with the provisions of those sections.

In the recent case of *Seward* v. *Clark*, 67 Ind. 289, the question presented by the appellant's motion, in the case at bar, was carefully examined and considered by the

court; and the conclusion then reached was, that, in such a case, an appeal will not lie to this court from any decision or judgment, " growing out of any matter connected with the decedent's estate," except in the manner and within the time such appeals are authorized by the express provisions of said sections 189 and 190 of the aforesaid act for the settlement of decedents' estates. The case cited is decisive, we think, of the question presented by the appellee's motion; and, upon the authority of that case, and for the reasons given in the opinion therein, the motion must be sustained, and the appeal in this case must be dismissed.

This appeal is dismissed, at the appellant's costs.