would have been no waiver. *Thatcher* v. *Powell*, 6 Wheat. 119 ; *Shriver's Lessee* v. *Lynn*, 2 How. 43 ; *Folger* v. *Columbian Ins. Co.*, 99 Mass. 267 ; *Watson* v. *Bodell*, 14 M. & W. 57 ; *In re College Street*, 11 R. I. 472 ; *Davis* v. *Davis*, 36 Ind. 160.

Petition overruled.

---

No. 9434.

RUSK, ADM'R, *v.* GRAY ET AL.

| 74 | 231 |
| 147 | 614 |

DECEDENTS' ESTATES.—*Appeals by Executors and Administrators.*—The provisions of sections 189 and 190 of "An act providing for the settlement of decedents' estates," etc., 2 R. S. 1876, p. 557, have no application to, and do not govern, appeals in suits not prosecuted under that act, and which are expressly authorized by sections 4 and 21 of the code.

From the Montgomery Circuit Court.

*T. H. Ristine, B. T. Ristine, P. S. Kennedy* and *W. T. Brush*, for appellant.

*A. D. Thomas* and *H. M. Billings*, for appellees.

HOWK, C. J.—This was a suit by the appellant, as plaintiff, on a promissory note for $400, alleged to have been executed by Sanford P. Gray, William Rider and Ben. T. R. Gray, by their partnership name of Gray, Rider & Co., and payable to the appellant's intestate, Elijah Hall, in his lifetime. The appellant recovered a judgment by default, for the balance due on the note, against the said Sanford P. and Ben. T. R. Gray. The appellee William Rider appeared and answered, and, as to him, the issues joined were tried by a jury, and a verdict was returned for him. Upon this verdict the court rendered judgment that the appellant take nothing by his suit, as against the said William Rider, and that he recover of the appellant his costs in this action ex-

pended, to be levied, etc. ; and from this latter judgment the appellant now prosecutes this appeal.

The appellee has filed in this court a written motion, in substance, as follows :

"The said appellee William Rider moves the said court to dismiss the appeal in said cause, for the reason that said appeal was not taken within thirty days after the decision was made in said cause, as required by sections 189 and 190 of 'An act providing for the settlement of decedents' estates,' etc., approved June 17th, 1852."

We are of the opinion that this motion ought to be, and must be, overruled, for the reason that sections 189 and 190 of the decedents' estates act, mentioned in the motion, are not applicable to such cases as the one at bar. Those sections apply, and were intended to be applied, only to such suits or proceedings as were manifestly had and held under and pursuant to the provisions of the act for the settlement of decedents' estates, and were not authorized by any other statute. Such suits as the one we are now considering are expressly authorized by sections 4 and 21 of the code, and are not prosecuted under or governed by the provisions of the statute for the settlement of decedents' estates. Appeals in such suits are regulated by and must conform to the provisions of the code on the subject of appeals. This view of the question is strongly supported, as it seems to us, by section 567 of the code, wherein provision is made that "Executors, administrators and guardians may have an appeal and stay of proceedings in the court below, without giving an appeal bond." 2 R. S. 1876, p. 244.

Final judgment was rendered by the trial court, in this case, in favor of the appellee William Rider, and against the appellant, on the 26th day of May, 1880, and this appeal therefrom was perfected, by the filing of a transcript of the record thereof in the office of the clerk of this court, on the 11th day of May, 1881, within one year from the ren-

dition of said judgment, in conformity with the provisions of section 561 of the code, as amended by section 2 of the act of March 14th, 1877. Acts 1877, Spec. Sess., p. 59. This was sufficient. This conclusion is not in conflict, but in perfect harmony, with the decisions of this court in *Seward* v. *Clark*, 67 Ind. 289, and in *Bell* v. *Mousset*, 71 Ind. 347, for the cases cited were each commenced and prosecuted under, and were each governed by, the provisions of the act in regard to the settlement of decedents' estates.

The motion to dismiss this appeal is, therefore, overruled, at the costs of the appellee William Rider.