Willson *v.* Binford, Administrator.

---

No. 8811.

WILLSON *v.* BINFORD, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Suits by Administrators.*—*Appeal.*—*Practice.*—*Supreme Court.*—*Cases Distinguished.*—Appeals to the Supreme Court in suits by executors and administrators, authorized by sections 4 and 21 of the civil code, are regulated by, and must conform to, the requirements of the code on the subject of appeals, and are not governed by sections 189 and 190 of the act providing for the settlement of decedents' estates. *Seward* v. *Clark,* 67 Ind. 289, and *Bell* v. *Mousset,* 71 Ind. 347, distinguished.

From the Montgomery Circuit Court.

*G. W. Paul, J. E. Humphries, S. C. Willson, L. B. Willson, J. E. McDonald* and *J. M. Butler,* for appellant.

*A. D. Thomas, C. L. Thomas, P. S. Kennedy* and *W. T. Brush,* for appellee.

HOWK, C. J.—In this case the appellee filed a written motion in this court, in substance as follows: "The appellee moves the court to dismiss this case, for the reason that the appeal was not taken in time."

The record shows that this was a suit by the appellee against the appellant as the assignor of certain promissory notes, not governed by the law merchant, and such proceedings were therein had as that, on the 28th day of February, 1880, a judgment was rendered by the court below in favor of the appellee and against the appellant, for the amount found due on the notes and the costs of suit. From this judgment the appellant, the defendant below, appealed by filing an appeal bond to the approval of the court, within the time given therefor, and perfected his appeal according to law by filing a transcript of the record in the clerk's office of this court, on the 8th day of June, 1880, or in less than four months after the judgment was rendered.

It is claimed by the appellee's counsel, in argument, that the case at bar is one of the cases in which an appeal to this court could only be taken in conformity with the provisions of sections 189 and 190 of the act providing for the settlement of decedents' estates, etc., approved June 17th, 1852. In support of their position the learned counsel cite *Seward* v. *Clark*, 67 Ind. 289, and *Bell* v. *Mousset*, 71 Ind. 347. But these cases are not in point, and do not sustain the appellee's position. The cases cited merely decide that in all suits or proceedings, under and pursuant to the provisions of the act for the settlement of decedents' estates, and not authorized by any other statute, appeals to this court must be taken in conformity with the requirements of said sections 189 and 190, and not otherwise. That far forth the cases referred to, we think, were clearly right, and we approve and adhere to them.

But such suits as the one now under consideration were expressly authorized by sections 4 and 21 of the civil code,

and are not prosecuted under or governed by the provisions, of the act for the settlement of decedents' estates. In such suits appeals to this court are regulated by, and must conform to, the requirements of the civil code on the subject of appeals. *Rusk* v. *Gray*, *ante*, p. 231.

In the case before us, the appeal was taken and perfected, as we have seen, within one year from the rendition of the judgment, as required by section 561 of the civil code of 1852, as amended by section 2 of the act of March 14th, 1877. Acts 1877, Spec. Sess., p. 59. The appeal, therefore, was "taken in time."

Appellee's motion to dismiss this appeal, therefore, is overruled, at his costs.