Bake et al., Executors, v. Smiley, Administrator.

No. 8861.

BAKE ET AL., EXECUTORS, v. SMILEY, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Appeal by Executors or Administrators.*—*Appeal Bond.* —In an appeal from the allowance of a claim against a decedent's estate, by an executor or administrator, sections 2454, 2455 and 2457, R. S. 1881, must be construed together, and no appeal bond is necessary.

PRACTICE.—*Special and General Finding.*—*Request of Party.*—*Signature of Judge.*—Where the trial of a cause is by the court, its finding will be regarded as a general and not a special finding, unless it is made at the request of one or both of the parties, and signed by the judge.

SAME.—*Causes for New Trial.*—*Assignments of Error.*—Causes for a new trial do not constitute proper assignments of error on appeal to the Supreme Court.

SAME.—*Questions to Witness.*—*Exclusion of Evidence.*—*Exception.*—*Error.*— *Supreme Court.*—Where, on the trial of a cause, a question is propounded to a witness and the court sustains an objection thereto, the party can not, by simply saving an exception to the ruling, get an available error into the record on the ground of the exclusion of evidence. For, in such case, the Supreme Court will not consider the error, unless it is shown that the party informed the trial court, at the time, what evidence he expected to elicit by the answer to the question.

SAME.—*Cause for New Trial.*—*Bill of Exceptions.*—A cause for a new trial must be shown to be true by a bill of exceptions, or it will not be considered in the Supreme Court.

DECEDENTS' ESTATES.—*Partnership.*—*Individual Creditors.*—*Partnership Creditors.*—*Priority.*—In the administration of the individual estate of a deceased partner, his individual creditors have priority, and the partnership creditors can have distribution of the surplus only of such estate after the payment of his individual debts.

SUPREME COURT.—*Causes for New Trial.*—*Excessive Damages.*—Error in the assessment of the amount of recovery and excessive damages are statutory causes for a new trial, and unless assigned as such in the motion for a new trial, they will not be considered by the Supreme Court.

SAME.—*Weight of Evidence.*—If there is legal evidence in the record tending to sustain the finding of the trial court on every material point, the Supreme Court will not reverse the judgment on the weight of the evidence.

From the Union Circuit Court.

*B. F. Claypool* and *B. Burke,* for appellants.

*C. H. Burchenal,* for appellee.

HOWK, J.—At the April term, 1879, of the court below,

the appellants, as the executors of the last will and testament of Jesse Smith, deceased, submitted to the court their written report, duly verified, in final settlement of their testator's estate.    Thereupon the appellee filed written objections and exceptions to such final report, and to the discharge of the executors from the duties of their trust.    The appellants answered appellee's objections and exceptions, by a general denial thereof, and by a special or affirmative defence, to which appellee replied by a general denial.    The issues joined were submitted to the court for trial, and a finding was made for the appellee, sustaining her objections and exceptions to the appellants' final report, and finding that the claim of appellee's intestate, theretofore allowed by the court, was a just and valid claim against the estate of the appellants' testator, and amounted, exclusive of interest, to the sum of $5,937.87; that the appellee was entitled to *pro rata* payment on said claim, by the appellants, with the other general creditors of their testator's estate; that the estate of the testator, which came into the hands of the appellants, as such executors, if it had been properly applied and distributed according to law, was sufficient to pay, and would have paid, 78 per centum of the amount of said claim, to wit, the sum of $4,631.35; and that, for this latter sum, the appellee was entitled to have the appellants account, and pay the same over to her, before the final settlement of their testator's estate should be made. The orders and judgment of the court in appellee's favor and against the appellants were made and rendered in accordance with its finding, on the 1st day of April, 1880.

The appellants' motion for a new trial having been overruled, and their exception entered to this decision, on the day last named, they prayed an appeal to the Supreme Court, which was granted upon their filing an appeal bond within sixty days, in the penal sum of $200, and with George Wilson as surety therein, which bond and surety were approved by the court. On the 15th day of May, 1880, and within the time allowed by the court, the appellants filed such appeal bond, and on the

9th day of July, 1880, they filed in the office of the clerk of this court a certified transcript of the record of this cause, and their assignment of errors endorsed thereon.

To the assignment of errors the appellee has pleaded specially, as follows:

" The said appellee for answer says that the said Supreme Court has no jurisdiction of said appeal, for the reason that said appeal was not taken in the time or manner prescribed by sections 189 and 190 of the act for the settlement of decedents' estates, under which act the said proceedings were had; and she therefore asks that said appeal shall be dismissed."

The appellee has also moved the court in writing to dismiss the appeal in this case, for the following reasons:

" 1. That said appeal was not taken in the time or in the manner prescribed by law;

" 2. That no appeal bond was filed within thirty days after the decision complained of was made; and,

" 3. That no appeal bond was filed with the clerk of the Union Circuit Court, with penalty in double the sum in controversy, as required by law."

Substantially the same questions are presented for decision by the appellee's plea above quoted and by her motion to dismiss this appeal, and, therefore, they may be properly considered together. Doubtless, these questions depend for their proper decision upon the provisions of the act of June 17th, 1852, providing for the settlement of decedents' estates; for it is manifest, from our statement of this case, that it was begun, prosecuted and decided below, pursuant to the provisions of that act, and of no other statute. In such a case we have repeatedly decided, and adhere to the decision, that an appeal to this court must be taken in conformity with the requirements of the act in question, in regard to such an appeal, and can not be taken otherwise. *Seward* v. *Clark*, 67. Ind. 289; *Bell* v. *Mousset*, 71 Ind. 347; *West* v. *Cavins*, 74 Ind. 265. In the cases cited the appeals were taken by parties to the

.suit or proceeding, other than the executor or administrator of the decedent. Such appeals were governed by the provisions of sections 189 and 190 of the aforesaid act of June 17th, 1852, which act was yet in force when the appeal was taken in the case now before us. Under those sections of the statute, such appeals could only be taken by filing an appeal bond, as therein required, within thirty days after the decision complained of was made; unless, for good cause shown, the appellate court should direct such appeal to be granted on the filing of such bond within one year after such ·decision. 2 R. S. 1876, p. 557. These sections 189 and 190 were substantially re-enacted as sections 228 and 229, in the :act of April 14th, 1881 (in force September 19th, 1881), providing for the settlement and distribution of decedents' estates, with this material addition, that, in such an appeal, "The transcript shall be filed in the Supreme Court within ten days :after filing the bond." Sections 2454 and 2455, R. S. 1881.

In the case at bar, as we have seen, the appeal was taken by the executors of the decedent. In such an appeal sections 189 and 190 of the act of June 17th, 1852, must be construed in connection with section 193 of the same act; which latter ·section provided that in any appeal prayed for by an executor ·or administrator, from the decision of any court, it should not be necessary for such person to file an appeal bond. 2 R. S. 1876, p. 557; section 2457, R. S. 1881. Section 193 did not require, nor did it authorize the court to require, that the appellants, upon taking their appeal, should file any appeal ·bond in any specified penalty, or within any limited time. On the contrary, the section provided in express terms that it should not be necessary for the appellants, as executors, to file any appeal bond in taking their appeal. In discussing the point now under consideration, the appellee's counsel says:

" It may possibly be claimed that the appellants were ex·empted from the requirement of giving bond by the provi:sions of section 193 of the same act. But, it must be evident, :that section was intended to and can only apply to cases where

the executor is acting in his representative capacity, on be-half and for the protection of the interests of the *estate*, and not, as in this case, where the finding and judgment are against him personally."

This argument of counsel is ingenious and specious, but it is not well founded, either in law or in fact. The form of the judgment in this case, as shown by the record, is as fol-lows: "It is therefore ordered by the court, that the said Jacob Bake and Samuel Bake, as executors, do pay to the said Anna M. Smiley," etc. Certainly that is not a *personal* judgment, either in form or substance. It constitutes no lien on the real estate of the appellants, and its collection could not be enforced by an ordinary execution. It is such a judg-ment, however, as a court of probate jurisdiction is author-ized by law to render, if the facts will warrant it, and to enforce against the person of the executor or administrator, who is in a qualified sense an officer of such court, and sub-ject to its orders. If the appellee's judgment, in this case, were a personal judgment against the appellants, the rules governing their appeal therefrom would be those prescribed in the civil code of 1852; and, under those rules, their ap-peal from such judgment would have been perfected when they had filed, as they had, a transcript of the record thereof in the office of the clerk of this court, within one year from the rendition of the judgment. *Rusk* v. *Gray*, 74 Ind. 231; *Willson* v. *Binford*, 74 Ind. 424.

For the reasons given, we are of the opinion that the ap-pellee's answer to the assignment of errors is not sufficient in law to entitle her to the dismissal of the appeal in this cause, and that her motion to dismiss such appeal must be overruled.

The following decisions of the trial court are assigned as errors by the appellants:

1. In overruling their motion for a new trial.

2. "In the conclusions of law arrived at upon the facts stated in the record."

3. "In admitting evidence upon the part of the appellee, over the objections of the appellants."

4. "In its conclusions of law upon the facts found by the court in this cause."

The second and fourth of these alleged errors are substantially the same, differing only and but slightly, each from the other, in their verbiage. These supposed errors are not apparent in the record of this cause. The court did not, at the request of either party, make a special finding of facts and state the conclusions of law thereon; nor was any such finding signed by the judge, or made part of the record by a bill of exceptions or by an order of court. The finding of the court in this case, therefore, can only be regarded as a general finding in favor of the appellee. *Conwell* v. *Clifford,* 45 Ind. 392; *Caress* v. *Foster,* 62 Ind. 145; *Smith* v. *Tatman,* 71 Ind. 171. It is clear, therefore, that the second and fourth errors assigned by appellants present no question for our decision.

The third alleged error is that the trial court erred in admitting evidence offered by appellee, over the appellants' objections. This was an error of law occurring at the trial, and, if excepted to and made specific, it might have constituted a good cause for a new trial in a motion therefor addressed to the circuit court. But causes for a new trial can not be properly assigned as errors, and if so assigned they present no question for the decision of this court. *Freeze* v. *DePuy,* 57 Ind. 188; *Walls* v. *Anderson, etc., R. R. Co.,* 60 Ind. 56; *Fisher* v. *State, ex rel.,* 65 Ind. 51; *Hyatt* v. *Mattingly,* 68 Ind. 271.

The only remaining error assigned by the appellants is the decision of the circuit court in overruling their motion for a new trial. In this motion fourteen causes were assigned for such new trial. Of these, the fourth, fifth, sixth, seventh, eighth and ninth causes are, each of them, that the court erred in sustaining the appellee's objections to the questions set out therein, propounded by the appellants on the trial to the wit-

nesses named therein, respectively. It would extend this
opinion unnecessarily and unprofitably if we were to set out
and consider separately these several causes for a new trial.
Of each and all the several questions set forth therein it will
suffice to say that the appellants did not inform the court as
to what evidence he proposed to introduce, or expected to
elicit, by the several answers to such questions. In *Graeter*
v. *Williams*, 55 Ind. 461, it was said: "But where a party,
on the trial of a cause, has propounded a question to a wit-
ness, with the view of eliciting evidence, to which question
an objection has been sustained by the court, such party can
not, by simply saving an exception to the decision of the court,
in sustaining such objection, get error into the record, which
will be available to him in this court. In such a case, the
party must go further, and state to the court in which his
cause is being tried, clearly and explicitly, what the evidence is,
which he offers to adduce, and which he expects to elicit," by
the answer of the witness to his question.

So, also, in *Mitchell* v. *Chambers*, 55 Ind. 289, it was said:
"Where a party may wish to avail himself, in this court, of an
alleged error of the court below, in the exclusion of offered
evidence, it is due to both the courts, that the record should
show, clearly and explicitly, and without any necessity for in-
ference or surmise, what evidence was offered and excluded,
and what facts it was intended to establish thereby. Where,
as in this case, the record shows only that certain questions
were propounded to certain witnesses, and does not show the
particular evidence which it was expected would be elicited by
the answers to such questions, we can not say from the record
that the court below erred in sustaining the objections to such
questions. *The Toledo, etc., R. W. Co.* v. *Goddard*, 25 Ind.
185; *Lewis* v. *Lewis*, 30 Ind. 257." See, also, to the same
effect, the case of *Jordan* v. *D'Heur*, 71 Ind. 199. It follows,
therefore, that the causes for a new trial last enumerated do
not, nor does either one of them, present any question for the
decision of this court.

The tenth cause for a new trial was not shown to be true by the bill of exceptions appearing in the record. In this court the statement of facts in a motion for a new trial is not regarded as true unless its truth is shown by a proper bill of exceptions. *Graeter* v. *Williams, supra;* and *Hyatt* v. *Clements,* 65 Ind. 12.

The eleventh and twelfth causes for a new trial were errors of the court in permitting the appellee to ask one of her witnesses, and, over appellants' objections, allowing the witness to answer certain questions in regard to the statements of the appellant Samuel Bake about the condition and solvency of his testator's estate, and the ability of the estate to pay all its debts in full, including the debt to appellee's intestate. These questions were objected to by the appellants, upon the general ground that they were "illegal, irrelevant and impertinent." No specific objection seems to have been made to the form or substance of either of the questions, and we fail to see that either of them can be regarded as illegal, although we are not strongly impressed with their relevancy or pertinence. Samuel Bake had previously testified on behalf of the appellants, and, on his cross-examination by the appellee, he had denied making the statements to the witness mentioned in the questions objected to. These questions were asked the witness by appellee in rebuttal, and the court did not err, we think, in permitting the witness to answer them.

The third, thirteenth and fourteenth causes for a new trial are not alluded to in argument by the appellants' counsel, and are regarded as waived.

The only remaining causes for a new trial yet to be considered are the first and second, namely: that the finding of the court was contrary to law, and that it was not sustained by sufficient evidence. Before considering the causes for a new trial, it is proper that we should give a fuller statement than we have hitherto given of the principal matter in controversy between the parties in this case.

In her first written objection to the appellants' final report

the appellee alleged in substance, that on the 29th day of March, 1876, her intestate recovered in the court below a judgment for the sum of $5,937.87, which amount should be allowed and paid by the appellants, executors, out of the estate of their testator in their hands; that the said judgment remained due and wholly unpaid, and that the appellants, executors, had failed and refused to pay the same, or any part thereof, although they had often had in their hands funds of said estate sufficient to pay the same, which they had wrongfully applied to other purposes.

In their special answer to said first objection, the appellants admitted the recovery by appellee's intestate of the judgment mentioned therein, but they said that the same was recovered upon a partnership debt due and owing at the date thereof from the firm of Smith, Dubois & Co., the firm consisting, when the debt was contracted, of Thomas B. Smith, Hazel N. Dubois and Jesse Smith, then in life but since deceased; and the appellants averred that said judgment was a partnership debt, and could not by them be lawfully paid out of the funds of said estate until the individual debts of said estate had all been fully paid; that no assets of said firm of Smith, Dubois & Co. had ever come into the appellants' hands wherewith to pay said judgment, or any part thereof, and that the individual assets of said estate were wholly exhausted and paid by appellants upon the individual debts of their testator, as shown by their reports on file and upon the expenses of the administration of said testator's estate. Wherefore the appellants asked for the approval of their final report, and for their discharge as such executors.

Upon this special answer the appellee joined issue by a reply in general denial.

It will be readily seen from the allegations of their special answer, that the appellants intended therein and thereby to defend themselves from any accountability or liability to the appellee upon the judgment described in her first written ob-

jection, on the ground that it evidenced a partnership debt, while only the individual assets of their testator had been received by them, as executors, and had been lawfully applied by them and exhausted in the payment of the individual debts of the testator, to the entire exclusion of his partnership debts. It is the law in this State that the individual creditors have priority in the administration of the individual assets of a decedent, and his partnership creditors can have distribution of only the surplus of such assets, after the payment of his individual debts. *Weyer* v. *Thornburgh*, 15 Ind. 124; *Bond* v. *Nave*, 62 Ind. 505; *Hardy* v. *Mitchell*, 67 Ind. 485.

The appellants had the burden of the issue joined on their special answer; and it devolved on them to show, by a fair preponderance of the evidence, *first*, that the appellee's judgment was a partnership, and not an individual, debt of their testator, and, *secondly*, if it was a partnership debt, that they had received only the individual assets of their testator and had lawfully exhausted the same in the payment of the expenses of administration and of the individual debts of the testator, leaving no surplus whatever of such assets for distribution to his partnership creditors. As we have already said, the trial court made a general finding upon the issues joined in favor of the appellee and against the appellants, and assessing the amount of appellee's recovery. In their motion for a new trial the appellants did not assign, as cause therefor, either that the damages were excessive or that the court had erred in assessing the amount of appellee's recovery. Therefore, as we have often decided, there is no question before us in relation to excessive damages, or to any supposed error in the assessment of the amount of recovery. *Spurrier* v. *Briggs*, 17 Ind. 529; *Floyd* v. *Maddux*, 68 Ind. 124; *Hyatt* v. *Mattingly*, 68 Ind. 271; *Warner* v. *Curran*, 75 Ind. 309; *Douch* v. *Bliss*, 80 Ind. 316.

The single question presented for our decision by the first and second causes for a new trial is this: Is there legal evi-

Bake *et al.*, Executors, *v.* Smiley, Administrator.

dence in the record which tends to sustain the finding of the trial court on the material points in issue? If there is such evidence in the record, although there might seem to be much evidence to the contrary, we can not disturb the finding of the trial court on what we might regard as the weight of the evidence. In this case the judgment of appellee's intestate against the appellants, when given in evidence, tended strongly in and of itself to prove that it was an individual and not a partnership debt of the appellants' testator. It showed upon its face that the appellants appeared and filed their answer to the complaint of appellee's intestate; that the cause, being at issue, was submitted to the court for trial; and that the court found for the plaintiff and assessed his damages at the sum of $5,937.87. The judgment against the appellants was as follows: "It is therefore considered and adjudged by the court that the plaintiff recover * * * * of the estate of Jesse Smith, deceased, that has or may come into the hands of said Samuel and Jacob Bake, executors as aforesaid, belonging thereto, without any relief from valuation or appraisement laws, the sum of fifty-nine hundred and thirty-seven dollars and eighty-seven cents, with interest," etc.

There is not one word, either in the finding or judgment, from which it might be even inferred that the judgment was rendered upon a partnership debt, or that it was to be paid out of any partnership assets. On the contrary, with the appellants there present, and without any objection or exception on their part, the court adjudged that the appellee's intestate should recover his debt of the estate of the testator, that had or might come into the hands of the appellants, as such executors. In their special answer the appellants alleged that no partnership estate of their testator had ever, that is, at or before the rendition of said judgment, or at any other time, come into their hands as such executors. Are not the appellants estopped and concluded, by the judgment of appellee's intestate against them, from asserting or claiming that such judg-

ment was a partnership debt and was not to be paid out of the estate of their testator, that had or might come into their hands, as executors, but only out of the surplus, if any, of such estate, after the payment of the testator's individual debts? It would seem to be clear that the questions as to whether or not the debt in suit by appellee's intestate was a partnership debt, and as to whether or not such debt should be paid out of the estate of their testator, that had or might come into the hands of the appellants, as his executors, might have been and ought to have been, and we think were, adjudicated and finally determined in and by the judgment of the court below, in favor of appellee's intestate and against the appellants, as such executors. *Fischli* v. *Fischli,* 1 Blackf. 360 (12 Am. Dec. 251); *Crosby* v. *Jeroloman,* 37 Ind. 264; *Bates* v. *Spooner,* 45 Ind. 489; *Richardson* v. *Jones,* 58 Ind. 240; *Green* v. *Glynn,* 71 Ind. 336. But if this point were waived, and if it were conceded that the appellants might go behind the judgment of appellee's intestate for the purpose of enquiring into the nature or character of the debt on which the judgment was rendered, it would seem to us that there is legal evidence in the record tending to prove, not only that the debt in question was the individual debt of the testator, but also that the appellants had not exhausted the individual assets of the testator in their hands to be administered in the payment of his individual debts and of the expenses of administration. So that, in any view of the case, we can not, under the long-established practice of this court, disturb the finding of the trial court on the weight of the evidence.

We have found no error in the record which would authorize the reversal of the judgment below.

The judgment is affirmed, with costs.