Filed Nov. 3, 1883.

---

No. 9928.

## TAYLOR v. BURK, EXECUTOR.

DECEDENTS' ESTATES.—*Aggrieved Party.*—*Appeal to Supreme Court.*—Under sections 2454 and 2455, R. S. 1881, any person considering himself aggrieved by *any* decision of a circuit court, growing out of any matter connected with a decedent's estate, may prosecute an appeal to the Supreme Court, in the manner and within the time prescribed therein. Such an appeal is not governed by the provisions of section 632, R. S. 1881, regulating appeals from final judgments in civil actions.

SAME.—*Final Settlement Report.*—*Exceptions.*—*Trial of Questions of Fact.*— *Burden of Issue.*—*Open and Close.*—Where the executor or administrator submits to the court his final settlement report, in the matter of his decedent's estate, and exceptions are filed to such report, requiring the trial of questions of fact, the burden of the issue is on the executor or administrator to sustain and establish the correctness of his report, and he has the right to open and close both the evidence and argument, on the trial of the cause.

SAME.—*Property Omitted from Inventory.*—*Instruction.*—*Error.*—Where it appears in the written objections and exceptions to the confirmation of the final settlement report, that the decedent was possessed, at the time of his death, of money, notes, accounts and other property, which came to the hands of his executor and had not been charged to him either in his inventory of the estate or in any subsequent report, and specifying, among other items of the decedent's property, a certain promissory note, a sum of money in gold and another sum in currency, and evidence is introduced tending to sustain the exception as to each of the specifications, it is error for the court to instruct the jury, that if the decedent, in his lifetime, gave the note or any part of it to the executor and perfected the gift by delivery, they must find for the executor " on this exception."

SAME.—*Evidence.*—*Testator's Unsoundness of Mind.*—Where, on the trial of

such exception, the executor has introduced evidence tending to prove a settlement between him and his testator, during the last illness of the latter and only a few days before his death, under which he had surrendered the executor's note to him for but little more than one-half of its face value, and when there is other evidence before the jury tending to show that, at the time of such settlement, the testator was eighty years old, of unsound mind and incapable of transacting business, it is error to instruct the jury that they must not consider the question of the soundness or unsoundness of mind.

PRACTICE.—*Interrogatory to Jury.*—*Error.*—There is no error in the court's refusal to propound an interrogatory to the jury, at the request of a party, when such request is absolute and unconditional, and not in the event they render a general verdict.

From the Fayette Circuit Court.

*B. F. Claypool, J. H. Claypool, L. W. Florea,* and *G. C. Florea,* for appellant.

*W. A. Cullen, B. L. Smith, J. I. Little* and *R. Conner,* for appellee.

HOWK, J.—On the 6th day of April, 1881, the appellee, Burk, executor of the last will of Benjamin P. Hegerman, deceased, submitted to the court his final settlement report in the matter of his testator's estate. By this report the appellee showed to the court that he had fully administered his testator's estate; that there remained in his hands a surplus of such estate for distribution, amounting to the sum of $643.75; and that the appellant Mary A. Taylor, as the sole legatee of the testator under his will, was entitled to the whole amount of such surplus. The appellee asked that, upon his filing appellant's receipt for such surplus, or the clerk's receipt therefor, under the order of the court, he might be fully and finally discharged from the duties of his trust.

The appellant appeared and filed written objections and exceptions to the final settlement report, and the approval and confirmation thereof by the court. To these objections and exceptions the appellee replied by a general denial. The issues joined were submitted to a jury for trial, and a general verdict was returned for the appellee. Over the appellant's mo-

tion for a new trial, and her exceptions saved, the court rendered judgment for the appellee, approving his final report; but the court refused to discharge the appellee from his trust, and directed that he give the statutory notice of his final settlement of the estate before the next term of the court.

The only error assigned by the appellant in this court is the overruling of her motion for a new trial.

Before considering any of the questions arising under this alleged error, it is necessary that we should pass upon and decide a point made by appellee's counsel in argument, which, if well taken, would necessarily lead to the dismissal of this appeal. It is insisted by counsel, with much earnestness, that no appeal would lie to this court from the judgment below on the verdict of the jury, because it was not then adjudged that the appellee should be discharged from the duties of his trust, or that the estate of his testator was then finally settled. In other words, it is claimed by counsel, as we understand them, that the appeal in this case was taken from an interlocutory judgment merely, and not from a final judgment in settlement of the testator's estate. The point is made, and the argument in its support is based, upon the theory that the appellant's right of appeal was governed by the provisions of the civil code of 1852, regulating appeals to this court from judgments in civil cases. Section 550, 2 R. S. 1876, p. 238; section 632, R. S. 1881. This theory is wrong, however, as the appellant's right of appeal was given in, and governed by, the provisions of sections 189 and 190 of the act of June 17th, 1852, for the settlement of decedents' estates (sections 2454, 2455, R. S. 1881), wherein it was provided that any person considering himself aggrieved by any decision of the court, growing out of any matter connected with the decedent's estate, might appeal to this court in the manner prescribed therein. The appellant considering herself aggrieved by the judgment of the court, approving the appellee's final settlement report, had the right to appeal from such judgment, without awaiting the appellee's final discharge from the duties

of his trust. *Seward* v. *Clark*, 67 Ind. 289 ; *Bell* v. *Mousset,* 71 Ind. 347 ; *Bake* v. *Smiley,* 84 Ind. 212. The point made by appellee's counsel, therefore, is not well taken and is not sustained.

It is shown by the record that, at the proper time on the trial, the appellant offered to assume the burden of the issue and introduce her evidence in support thereof, and claimed the right to open and close the argument of the cause. But the court held that appellee had the burden of the issue, and permitted him to open and close the evidence and argument. There was no error in this decision of the court. In *Hamlyn* v. *Nesbit,* 37 Ind. 284, a case similar to the one at bar, upon the point now under consideration, it was said that " the administrators were required to establish the correctness of their· report, in respect to such matters as were embraced in the exceptions filed by the appellants, and that this placed the bur-- den of the proof on them, and gave them the right to begin .and conclude the evidence, and to open and close the argument." So, also, in the similar case of *Brownlee* v. *Hare,* 64 Ind. 311, in holding that the administrator is the plaintiff in such a cause, the court said : " He was the moving party· in the case, and was seeking to have his final settlement report of his trust approved, and to be discharged therefrom by the court. As the record comes to us, he must be regarded as the party plaintiff, and the appellees, who were objecting to· the approval of his report, and were insisting that he should render to the court a definite, accurate and full report of his; trust, must be regarded as parties defendants in this case."

Appellant's counsel next insist that the trial court erred in refusing to propound to the jury certain interrogatories, as asked by the appellant. The record shows " that, at the proper time, the exceptor asked the court to propound to the jury the following interrogatories in writing, viz.: Mary A. Taylor, exceptor, propounds to the jury the following interrogatories : " (Here follow interrogatories which the court refused to propound to the jury.) Section 336 of the civil

code of 1852, in force at the time of the trial (section 546, R. S. 1881), provided that in all cases, when requested by either party, the court shall instruct the jury, "if they render a general verdict, to find specially upon particular questions of fact, to be stated in writing." There is nothing in the record to indicate either that appellant requested the court to instruct, or that the court of its own motion did instruct, the jury trying the cause, if they rendered a general verdict, to find specially upon the particular questions of fact, stated in writing by the appellant. There is no error in the court's refusal to propound an interrogatory to the jury, at the request of a party, where the request is absolute and unconditional, and not in the event that they find a general verdict. *Schenck* v. *Butsch*, 32 Ind. 338; *Hodgson* v. *Jeffries*, 52 Ind. 334; *Killian* v. *Eigenmann*, 57 Ind. 480; *Ogle* v. *Dill*, 61 Ind. 438.

The next error, of which the appellant's counsel complain in argument, is the action of the court in giving the jury, at appellee's request, the following instruction: "Hegerman had a perfect right, in his lifetime, to do as he pleased with his own property, and might, if he saw proper, give to Burk the note in dispute, or any part of it; and if he did so, and perfected the gift, by giving to Burk his, Burk's, note, you should find for the executor, *upon this exception*." The last three words of this instruction, italicised in this opinion, were not in the transcript of the record at the time it was filed, nor at the time of the filing of appellant's brief in this court; but they have since been brought into the record by the return of the clerk below to a writ of *certiorari*.

In her written objections and exceptions to the appellee's final settlement report, the appellant stated that Benjamin P. Hegerman died possessed of money, notes, accounts and other property, which came to the hands of the appellee and had not been charged to him, as executor, either in his inventory of the estate or in his sole and final report; and among other items of such property, so received by the executor and not

charged to him, as alleged, the appellant described and spec-
ified the following item: "One promissory note on Naham
H. Burk, executor as aforesaid, not inventoried or accounted
for in any report of said executor, or in any other manner,
of the amount of $2,600, with interest on said note on said
Burk for three years prior to the death of said Hegerman, at
ten per cent., amounting to $780." In her written excep-
tions, the appellant also averred that the appellee, as exec-
utor, had failed to charge himself with, or to account for, in
any manner, the sum of $500 in gold, and the further sum of
$500 in currency, belonging to his testator at the time of his
death, and received by appellee as such executor.

Two objections were urged by appellant's counsel against
the instruction of the court above quoted, namely: 1. That
it ignored all of the appellant's exceptions to the final settle-
ment report, except such as related to appellee's note, and
directed that the jury should find for the executor, upon all
matters in issue, if they found that the testator had, during
life, given the note or any part of it to the appellee, and had
perfected the gift by his manual delivery of the note to ap-
pellee; and, 2. That the instruction was and is not the law,
either as an abstract proposition or as applied to the case in
hand. Appellee's counsel claim that the first of these objec-
tions is wholly obviated or removed by the correction of the
instruction, as shown in and by the return of the clerk below
to the writ of *certiorari;* and, in their brief, they entirely ig-
nore appellant's second objection to the law of the instruction.
We are of opinion that the two objections of appellant's coun-
sel to the instruction of the court, above quoted, are each well
taken and must be sustained. It will be seen from the instruc-
tion, as corrected by the addition of the italicised words, that
there is nothing in its language to indicate which exception
is meant or intended, by the use of the phrase, "this excep-
tion." The appellant's exceptions were not separated into
paragraphs, and numbered or otherwise designated; but the

VOL. 91.—17

first matter averred therein, which may be regarded as the first exception, was the alleged failure of the appellee to charge himself, as executor, either in his inventory or in his sole and final report, or otherwise, with the money, notes, accounts and other property, of which his testator was possessed at the. time of death, and which came into the hands of the appellee, as such executor.  Under this exception, as we have seen, several items were specified, such as money in gold, money in currency, and the promissory note of Burk, the executor.  There was evidence introduced, tending to sustain the appellant's exceptions as to each of these specifications; and therefore the instruction quoted, even as corrected, limiting the attention of the jury and the appellant's right of recovery to only one of these specifications, was well calculated to mislead and confuse their minds, and for this reason was erroneous.  *Terry* v. *Shively,* 64 Ind. 106.

Besides the instruction quoted, as an abstract proposition, is not a correct statement of the law; and certainly, as applied to this case, it was error to give such instruction.  The gift of a part of Burk's note to Burk by Hegerman, in his lifetime, if perfected by the delivery of the note to Burk at the time of the gift, would have excused Burk, as executor of Hegerman, from including such part of the note in the inventory of his testator's estate, but, in that event, he should have charged himself as executor, in some manner, with the residue of the note.  The gift of a part of the note, though perfected by delivery, was not a gift of the entire note; and the court erred in instructing the jury, that if Hegerman gave Burk a part of the note in dispute and perfected the gift by delivery of the note, they should find for the executor, upon that exception.

The court instructed the jury as follows: " The question of the soundness or unsoundness of Hegerman's mind is not in issue in this case, and you will not consider it." It is true that this question was not put in issue by any pleading in the

Taylor *v.* Burk, Executor.

case. But when it appeared that Hegerman held Burk's note for $1,800, and the appellee had introduced evidence tending to show a settlement between him and Hegerman, during his last illness and only a few days before his death, under which settlement the note had been surrendered by Hegerman to Burk for but little more than one-half of its face; and when there was evidence before the jury to the effect that, at the time of the alleged settlement, Hegerman was eighty years old, of unsound mind, and incapable of transacting business; we are of the opinion that the question of Hegerman's mental soundness was in the case and should have been considered by the jury, in arriving at their verdict. When the appellee had given evidence of the alleged settlement between him and his testator, for the purpose of showing that he ought not to be required to charge himself, as executor, with the note in dispute or any part of it; evidence offered by appellant tending to prove that Hegerman, at the time of such settlement, was of unsound mind and incapable of contracting, was competent and relevant, and it was error to exclude such offered evidence.

Other errors of law, occurring at the trial, are complained of in argument by appellant's counsel; but, as these errors will hardly occur again on a new trial of the cause, they need not be considered or decided.

The court erred in overruling appellant's motion for a new trial.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed Nov. 6, 1883.