No. 11,580.

## BROWNING ET AL. *v.* McCRACKEN.

DECEDENTS' ESTATES.—*Appeal.*—*Statute Construed.*—A widow applied for an order upon the administrator of her deceased husband, requiring him to pay to her the proceeds of real estate sold to make up to her a deficit of the $500 allowed to her by law, making parties creditors claiming the fund by reason of judgment liens. The administrator, by leave, paid the money into court, and was thereupon discharged from further costs, and as against the creditors it was, after further proceedings, ordered that the clerk pay the money to the widow.

*Held,* that an appeal in such case is governed by R. S. 1881, sections 2454 and 2455, which require an appeal bond within ten days, and a transcript filed within ten days thereafter.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby,* for appellants.

*J. H. Jordan* and *O. Matthews,* for appellee.

ZOLLARS, J.—Robert McCracken died intestate in March, 1877, the owner of personal and real property, and left, surviving, children, and appellee, as his widow. James Mc-Cracken was appointed administrator of his estate. The personal property, amounting to $196, was taken by the widow as a part of the $500 allowed her by law. Prior to the death of Robert McCracken, appellees Browning, Sloan and Harper had recovered judgments against him which were liens upon his real estate. After his death one-third of the real estate was set off to the widow. Subsequent to this, the administrator sold the other two-thirds of the real estate, and received the money therefor. After the payment of the expenses of the last sickness, and the costs of administration, he had left in his hands $304 of the proceeds of the sale of the land. The widow demanded this, upon the claim that she was entitled to it to make up the balance of the $500 allowed her under the law. The judgment creditors disputed this claim, objected to the payment to her by the administrator, and claimed that they were entitled to it. The administrator refusing to pay it to the widow, she instituted this proceed-

ing against him, making the judgment creditors parties. The administrator answered the facts, substantially, as above stated, and asked that he might be allowed to pay the money into court, and be discharged from further costs. This the court ordered to be done, and the money was so paid over. Demurrers having been sustained to the answers of the judgment creditors, and they declining to amend or answer further, the court ordered the clerk to pay the money to the widow, appellee. From this order appellants appeal. The administrator, having been served with notice of the appeal, and not having declined to join therein, must be regarded as one of the appellants.

We are met at the threshold with a motion by appellee to dismiss the appeal, because not taken in the manner and within the time prescribed in sections 2454 and 2455, R. S. 1881. These sections provide that any person considering himself aggrieved by any decision of a circuit court, or a judge thereof in vacation, growing out of any matter connected with a decedent's estate, may prosecute an appeal to this court upon filing a proper appeal bond with the clerk below within ten days after the decision complained of is made, and filing the transcript here within ten days after the filing of the bond.

The order appealed from was made on the 18th day of December, 1883; a bond was filed on that day, but the record was not filed here until the 7th day of April, 1884. The position of appellee, which appellants combat, is that appellants' right of appeal is governed by the above sections, and that hence the appeal was taken too late. If the right of appeal is governed by these sections, the appeal was not in time, and must be dismissed. *Taylor* v. *Burk*, 91 Ind. 252; *Bake* v. *Smiley*, 84 Ind. 212; *Seward* v. *Clark*, 67 Ind. 289; *Bell* v. *Mousset*, 71 Ind. 347.

We think that the order appealed from is a decision of the circuit court growing out of a matter connected with the decedent's estate. We need not, and do not, now decide what

the rights of appellee are as against the judgment creditors, but in a proper case, under the statute of 1852, and the present statute, the widow was and is clearly entitled to the $500. Under these statutes it was and is the duty of the administrator, in a proper case, to give it to her, and if need be, out of the proceeds of the sale of real estate. This is a duty that he is required to perform before, and in order that there may be, a final settlement of the estate he represents. If he refuse to do so, the widow may apply to the court for an order to compel the performance of the duty. The court has the general control and supervision of the estate and the administrator, and may direct and control him in the performance of his duties.

The application in this case is in the form of a complaint, but it is, in substance, an application to the court for an order upon the administrator to coerce the performance of the duty of paying over to the widow the money which she claims to be entitled to under the law. We know of no reason why the court might not, in a proper case, make such an order without a written application.

The fact that the administrator was allowed to pay the money into court, and the contest proceeded as between the widow and judgment creditors, did not render the decision any less a decision, growing out of a matter connected with the decedent's estate.

The proceeding is not one provided for by the civil code, but is a special and necessary mode of controlling the action of administrators, and thus expediting the settlement of estates. Common observation shows how necessary it is to close up estates in as speedy manner as possible. For this purpose the statute making a short limit upon appeals was enacted. To exempt matters of this kind from its operation would be to thwart its purpose, and postpone the settlement of estates.

The cases of *Rusk* v. *Gray*, 74 Ind. 231, and *Hillenberg* v. *Bennett*, 88 Ind. 540, cited by counsel for appellants, are not

controlling here, nor are they in conflict with the conclusion we have reached in this case. The holdings in those cases were that, as the actions were authorized by the civil code, they should be governed by that code as to the time for appeal to this court.

The appeal in the case before us, not having been taken within the time prescribed by the above sections of R. S. 1881, must be, and is, dismissed, at the costs of appellants.

In their brief appellants ask us, upon an affidavit attached, to make an order granting an appeal, in the event that we reach the conclusion that the present appeal was not taken in time. When the appeal is dismissed, the case is not before us. If such an order is desired, a formal and proper application must be made, and notice given to appellee.

Filed Sept. 27, 1884.