Filed Nov. 13, 1884.

◆

No. 11,326.

## MILLER, ADMINISTRATOR, v. CARMICHAEL.

DECEDENTS' ESTATES.—*Claim.*—*Appeal.*—*Filing Transcript.*—By section 2455, R. S. 1881, an appeal by an administrator to the Supreme Court from the allowance of a claim against his decedent's estate must be perfected by filing the transcript in the Supreme Court within twenty days.

From the Warren Circuit Court.

*W. P. Rhodes* and *W. B. Durborrow*, for appellant.

*C. V. McAdams, J. McCabe* and *E. F. McCabe*, for appellee.

FRANKLIN, C.—Appellee has filed a motion in this case to dismiss the appeal for the reason that the transcript was not filed in this court within twenty days after the rendition of the judgment.

This was a claim filed against a decedent's estate, wherein an appeal is controlled by the 2455th section of the R. S. 1881, which provides that the appeal bond shall be filed in ten days after the decision is made, and the transcript shall be filed in the Supreme Court within ten days after filing the bond. But the 2457th section provides that an administrator may appeal without filing a bond.

Under these sections of the statute an administrator must file the transcript in this court within twenty days from the rendition of the judgment.

The old statute only provided that the bond should be filed in thirty days from the rendition of the judgment, but did not limit the time for filing the transcript, and under which it was held that an administrator had a year within which to file a transcript. But the present statute in relation to filing transcripts is alike applicable to both administrator and claimant. The statute is general: "Any person considering himself aggrieved," etc.

The object of the statute was to cut off delays in litigating matters affecting decedents' estates, and expedite final settlements of estates. See the cases of *Seward* v. *Clark,* 67 Ind. 289; *Bell* v. *Mousset,* 71 Ind. 347; *West* v. *Cavins,* 74 Ind. 265; *Willson* v. *Binford,* 74 Ind. 424; *Bender* v. *Wampler,* 84 Ind. 172.

An agreement to submit does not waive appellee's right to move for a dismissal of the appeal because not taken in time. *Day* v. *School City of Huntington,* 78 Ind. 280. An appeal not taken in time will be dismissed on motion. *Buntin* v. *Hooper,* 59 Ind. 589; *Louisville, etc., R. W. Co.* v. *Boland,* 70 Ind. 595; *Louisville, etc., R. W. Co.* v. *Jackson,* 64 Ind. 398. Want of jurisdiction works a dismissal of the case at any stage of the proceedings. *Louisville, etc., R. W. Co.* v. *Johnson,* 67 Ind. 546; *Horton* v. *Sawyer,* 59 Ind. 587.

In the case under consideration the judgment was rendered June 29th, 1883, and the transcript was filed in this court November 26th, 1883.

In the case of *Yearley* v. *Sharp*, 96 Ind. 469, under the statute of 1881, the appeal was dismissed because the transcript had not been filed within twenty days from the rendition of the judgment. See, also, the case of *Browning* v. *McCracken*, 97 Ind. 279.

We think the statute limits the time for filing the transcript in this court by the administrator, the same as by the claimant, and that in this case this court has no jurisdiction to hear and determine the merits of the appeal.

The appeal ought to be dismissed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the appeal be and the same is dismissed, at appellant's costs.

Filed Nov. 13, 1884.