Heller *v.* Clark, Administratrix.

No. 12,155.

## HELLER *v.* CLARK, ADMINISTRATRIX.

APPEAL.—*Action Commenced by Party and Continued by Administrator.—Civil Code Governs, and not Decedents' Estates Act.*—Where an action is commenced by one in his lifetime, to annul and enjoin the collection of a judgment, and prosecuted to final hearing after his death by his administrator, substituted as plaintiff, the right of appeal, and the manner and time of taking it, are governed by the civil code of practice, and not by the statute regulating the settlement of decedents' estates.

SUPREME COURT.—*Submission under Rule 39.—Failure to File Objections.— Waiver.*—The submission provided for in Rule 39 of the Supreme Court is a statutory or forced submission, brought about by operation of law, and by a mere failure to file objections to a submission under such rule a party does not waive any right which he would otherwise possess.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy,* for appellant.

*W. R. Hough,* for appellee.

HOWK, J.—A written motion has been filed by the appellee to dismiss this appeal for the following causes, namely:

" 1. Because such appeal was not taken and perfected within twenty days after the rendition of the judgment of the court below, as required by the statute in such cases made and provided ;

" 2. Because appellant did not file the transcript of the record of the Henry Circuit Court in such cause in this court within twenty days after the rendition of the judgment therein by such circuit court ;

" 3. Because appellant has filed no appeal bond in this cause, either in this court or in the Henry Circuit Court, or in the office of the clerk of either of such courts, as required by the statute in such cases ; and,

" 4. Because appellant has filed no appeal bond whatever in such cause, at any time or place."

This motion has been filed by the appellee upon the theory, of course, that the case at bar is one wherein the right of a party to appeal to this court, and the manner of taking such appeal, and the time within which the appeal must be taken and perfected, are each and all provided for, regulated and governed by the provisions of sections 2454 to 2457, R. S. 1881. We are of opinion, however, that the appeal in this cause is in no sense governed by the provisions of those sections of the statute. The suit was commenced in the court below on the 24th day of May, 1881, by one Meredith Walker, as sole plaintiff, against appellant, Moses Heller, and one William H. Thompson, then the sheriff of Hancock county, as defendants. The object of the suit was to obtain a decree of the court annulling and avoiding a certain judgment which Heller had, before that time, recovered against Meredith Walker and one Thomas L. Marsh, in the Hancock Circuit Court, and perpetually enjoining Heller and the sheriff aforesaid from collecting, or attempting to collect, such judgment, or any part thereof, or any execution issued thereon, of or from Meredith Walker. Pending this suit in the court below, the death of Meredith Walker, intestate, was suggested to the court, and that appellee, Catharine J. Clark, was the

administratrix of such decedent's estate; and thereupon the court ordered that she be substituted as the plaintiff in this cause. Afterwards, on the 6th day of March, 1884, upon the hearing of this cause then had, a finding and decree were made and rendered herein in favor of the appellee, as prayed for in the original and supplemental complaint, and against appellant Heller and sheriff Thompson.

This appeal was taken by the filing of a certified transcript of the record, and appellant's assignment of errors endorsed thereon, in the office of the clerk of the Supreme Court, on the 9th day of February, 1885, and within one year after the rendition of the judgment and decree herein by the Henry Circuit Court.

In section 2454, R. S. 1881, it is provided that "Any person considering himself aggrieved by any decision of a circuit court, or judge thereof in vacation, *growing out of any matter connected with a decedent's estate,* may prosecute an appeal to the Supreme Court," etc. If it could be correctly said that the judgment and decree of the circuit court in the case in hand grew out of any matter connected with a decedent's estate, within the meaning of that expression as used in the statute, then it would be clear that appellee's motion to dismiss this appeal was well taken, and would have to be sustained. Because, in such case, the right of appeal would be governed strictly by sections 2454 to 2457, *supra,* and there was no compliance, nor any attempt at compliance, with the provisions of those sections on the part of appellant, nor was the appeal in fact perfected until more than eleven months had elapsed after the rendition of the judgment and decree by the Henry Circuit Court. In construing these sections of the statute, we have held, and correctly so, we think, that in any appeal authorized thereby, and taken thereunder, the appellant must perfect his appeal by filing a certified transcript of the record, in the office of the clerk of this court, at the latest, within twenty days after the decision, by which he

considered himself aggrieved, was made or rendered by the circuit court, or judge thereof in vacation, unless "for good cause shown" such time has been extended by this court. *Yearley* v. *Sharp,* 96 Ind. 469; *McCurdy* v. *Love,* 97 Ind. 62; *Browning* v. *McCracken,* 97 Ind. 279; *Miller* v. *Carmichael,* 98 Ind. 236.

We are of opinion, however, that the judgment and decree of the circuit court from which this appeal is prosecuted can not be said with legal accuracy to be a decision, "growing out of any matter connected with a decedent's estate," within the meaning of the sections of the statute above cited, and that, therefore, this appeal is in no manner governed or controlled by any of the provisions of those sections. On the contrary, we think the judgment and decree appealed from were rendered in an ordinary civil action or suit in equity, instituted by Meredith Walker in his lifetime, under the provisions of the civil code, and prosecuted to final hearing after his death by the appellee as the administratrix of his estate, or personal representative. From the judgment and decree of the court, in such an action or suit, the right of appeal, the manner of taking it, and the time within which it must be taken, as we have frequently decided, are governed and controlled by the provisions of the civil code of practice, and not by the provisions of the sections, above cited, of the statute regulating the settlement of decedents' estates. *Rush* v. *Gray,* 74 Ind. 231; *Willson* v. *Binford,* 74 Ind. 424; *Bake* v. *Smiley,* 84 Ind. 212, on p. 216; *Hillenberg* v. *Bennett,* 88 Ind. 540; *Dillman* v. *Dillman,* 90 Ind. 585.

In civil actions or suits, such as the one under consideration, it is provided in section 633, R. S. 1881, that appeals "must be taken within one year from the time the judgment is rendered," and in section 640, R. S. 1881, it is further provided that "such appeals may be taken by procuring from the clerk of the court a transcript of the record and proceeding in the suit, or so much thereof as is embraced in

the appeal, and filing the same in the office of the clerk of the Supreme Court, who shall endorse thereon the time of filing, and issue a notice of the appeal to the appellee." The appeal in the case in hand was taken within the time prescribed by and conformably in all respects to these statutory provisions. Therefore, appellee's motion to dismiss this appeal is not well taken, and must be overruled.

Appellant's learned counsel have suggested, in argument, another reason why they think appellee's motion to dismiss this appeal ought not to be sustained; and that is, as we understand them, appellee's failure to file objections to the submission of the cause, as provided in the *third* paragraph of rule 39 of the rules of this court, should be held to be the equivalent, and to have the force and effect, of an agreement by her to such submission. Counsel say: "An order of submission, under rule 39 of this court, was entered September 30th, 1885, and no objections were made by the appellee under the *third* clause of such rule. We think this amounts to a waiver of the right to dismiss, even if cause existed." The *third* clause or paragraph of rule 39 is not open to and should not receive the construction which counsel place upon it. The submission provided for in such rule is a statutory or forced submission, brought about by mere operation of law, and it ought not be held, as it seems to us, that by his mere failure to file objections to such submission, either party agrees thereto or waives any right thereby which he would otherwise possess.

Appellee's motion to dismiss this appeal is overruled, at her costs.

Filed Dec. 12, 1885.