WHEELER and Another *v.* CALVERT's Administrator.

EXECUTORS AND ADMINISTRATORS.—COMMON PLEAS COURT.—All suits against executors or administrators must be brought in the Court of Common Pleas.

SAME.—Executors and administrators may sue in the Court of Common Pleas upon any claim, debt or demand of any kind owing to them in their fiduciary capacity, without regard to the amount of such debt or demand, and in all such cases costs will follow the judgment.

SAME.—The 8th section of the Common Pleas act is constitutional.

APPEAL from the *Tipton* Common Pleas.

ELLIOTT, J.—*Smith*, in his fiduciary capacity, as administrator of *Theophilus Calvert*, deceased, sued the appellants in the Court of Common Pleas, on a promissory note for $4 50. The defendants appeared and admitted the cause of action, but claimed a judgment against the plaintiff for costs, on the ground that the judgment demanded against them was for a sum less than $50. The court overruled the motion, and rendered a judgment for the amount of the note and costs of suit against the defendants.

The only question in the case is, did the court err in taxing the costs against the defendants? We think the judgment of the court is correct. The 4th section of the act to establish Courts of Common Pleas, and defining the

jurisdiction and duties of, and providing compensation for the judges thereof, confers upon that court original and exclusive jurisdiction of all actions against executors and administrators; and the 8th section of the same act provides that "guardians, executors or administrators, may sue in said Court of Common Pleas, any and all persons against whom any claim, debt or demand of any kind whatsoever, accrues to them in such fiduciary capacity; and in all cases where executors, administrators or guardians are plaintiffs, the Common Pleas shall have concurrent jurisdiction with the Circuit Court." The primary object in organizing Courts of Common Pleas was to confer upon them general jurisdiction in all matters of probate, the settlement of the estates of decedents, and the accounts of guardians, and thereby supersede the old system of "probate courts," which had proved inefficient for the purposes of its creation. In view of this fact, the two sections to which we have referred illustrate the policy and intent of the legislature. The fourth section confers on the Court of Common Pleas exclusive jurisdiction of all actions against executors and administrators, and section 8, while it does not confer exclusive jurisdiction, authorizes guardians, executors and administrators to sue in that court upon any debt, claim or demand of any kind whatsoever, accruing to them in such fiduciary capacity.

It seems apparent to us that these sections, when construed together, establish this policy, viz: All suits against executors or administrators must be brought in the Court of Common Pleas; and executors and administrators may sue in that court upon any claim, debt or demand of any kind, accruing to them in their fiduciary capacity, without regard to the amount of such demand, and in all such cases costs will follow the judgment. Executors and administrators may, doubtless, sue either in the Circuit Court or before justices of the peace, in cases in which jurisdiction is conferred on those courts, but are not compelled to do so. They may sue in the Court of Common Pleas.

The 11th section of the act referred to, as originally passed, conferred on the Court of Common Pleas concurrent jurisdiction with the Circuit Court in all civil actions, with certain enumerated exceptions, when the sum due or demanded, or damages claimed, did not exceed $1,000, excluding interest and costs, and concurrent jurisdiction with justices of the peace in all cases where the sum due or demanded was not less than $50.

We think the object of this section was to confer upon the Court of Common Pleas jurisdiction in cases in which executors, administrators and guardians are not parties, and consequently in which no such jurisdiction is given in sections 4 and 8, and that it has no relation to cases in which such persons are parties under the jurisdiction conferred by the 4th and 8th sections of the act. This construction seems reasonable, and leaves all the sections to stand without any repugnance or inconsistency. Section 11 was amended by the act of 1859, but as the amended section relates to the same subject matter as the original, it does not affect the question presented in this case.

We are also referred to section 397 of the code, 2 G. & H., 227, providing a rule for the taxation of costs in certain specified cases. But what we have said in reference to the 11th section of the Common Pleas act, is also applicable to this.

The 8th section of the Common Pleas act is constitutional; it relates exclusively to the jurisdiction of the court, and is, therefore, embraced in the title.

The judgment is affirmed, with costs.

FRAZER, C. J., dissented.

*J. W. Robinson,* for appellants.

*N. R. Overman,* for appellee.