No. 10,141.

## HILLENBERG v. BENNETT, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Suit on Contract.*—*Appeal.*—*Statute Construed.*—The provisions of section 2455, R. S. 1881, concerning appeals to the Supreme Court, do not apply to a civil suit by an administrator to recover a money demand on contract.

SAME.—*Costs.*—An administrator may sue in the circuit court, upon a money demand on contract for any sum, and if he recover any sum he will also recover costs, section 591, R. S. 1881, not being applicable to such suits.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*J. H. Louden* and *R. W. Miers*, for appellee.

BLACK, C.—The appellee, administrator of the estate of Joshua Hillenberg, deceased, sued the appellant, Hiram Hillenberg, upon an account for personal property sold and de-

livered, money loaned and work and labor done by said intestate to and for the appellant.

There was an answer of several paragraphs, including a general denial, paragraphs of set-off, paragraphs alleging payment and paragraphs alleging other matters of special defence. Reply in denial. The cause was referred to a master commissioner, upon whose report the court rendered judgment for the appellee for $47.50 and his costs. Appellant moved to tax the costs against the plaintiff. This motion having been overruled, appellant moved to modify the judgment so as to give the defendant judgment against the plaintiff for costs. This motion also was overruled. The ground of each of these motions was that the plaintiff's recovery was for less than $50, and it was not reduced below $50 by set-off or counter-claim, but was so reduced by proof of payments made by the defendant. By his assignment of errors and the argument of his counsel, appellant has presented for our consideration the question whether he was entitled to judgment for costs.

The judgment was rendered on the 21st of February, 1882. Appellant filed his appeal bond on the 25th of the same month, and the transcript, with the assignment of errors and appellee's joinder in error, was filed in the office of the clerk of this court on the 24th of April, 1882. The cause was submitted to the appellee upon the default of the appellant, on the 23d of May, 1882. Appellant filed a brief on the 10th of July, 1882; and on the 21st of April, 1883, appellee moved to dismiss the appeal, for the reason that the transcript was not filed in this court within ten days after the filing of the appeal bond.

In support of this motion counsel for appellee rely on section 2455, R. S. 1881, being section 229 of the act of 1881, in relation to the settlement of the estates of decedents. The next preceding section provides that any person considering himself aggrieved by any decision of the circuit court, or judge thereof in vacation, growing out of any matter connected with

a decedent's estate, may prosecute an appeal to the Supreme Court upon filing with the clerk of said circuit court a bond, etc. Section 2455 provides that such appeal bond 'shall be filed within ten days after the decision complained of is made, unless, for good cause shown, this court shall direct such appeal to be granted on the filing of such bond within one year after such decision; that any person aggrieved may take the appeal in his own name, without joining with any other person; and that the transcript shall be filed in this court within ten days after filing the bond.

The case at bar is not one to which this statute is applicable. It is a civil action brought by an administrator as authorized by the civil code, R. S. 1881, sec. 252, and the appeal is one taken during term as provided by sec. 638, R. S. 1881. The appeal contemplated by section 2454, et seq., R. S. 1881, is one in some proceeding provided for by the statute relating to the settlement of the estates of decedents, wherein this particular mode of appeal is authorized, such as a proceeding upon a claim against a decedent's estate (*Bell* v. *Mousset*, 71 Ind. 347), or a proceeding by an administrator to sell real estate of the decedent to pay debts (*Seward* v. *Clark*, 67 Ind. 289). See *Rush* v. *Gray*, 74 Ind. 231. But if the decision here appealed from were one " growing out of any matter connected with a decedent's estate," within the meaning of said statute, we would have to hold in this case that the appellee, by his acts and his delay, had waived his right to ask for the dismissal of the appeal. *West* v. *Cavins*, 74 Ind. 265.

If this case were one to be governed by the general provisions of the civil code in relation to costs, the plaintiff, in an action for a money demand on contract commenced in the circuit court, having recovered less than $50, exclusive of costs, would be liable to pay costs, unless the judgment was reduced below $50 by a set-off or counter-claim pleaded and proved by the defendant, in which case the party recovering judgment would recover costs; if the judgment was reduced

below $50 by proof of payments, the defendant would recover costs. R. S. 1881, section 591.

We assume that it sufficiently appears by the record that the judgment was reduced below $50 by proof of payments, and not by set-off or counter-claim pleaded and proved.

By the fourth section of the act of May 14th, 1852, establishing courts of common pleas (2 G. & H., p. 20), the court of common pleas was given original and exclusive jurisdiction of (among other things) all matters relating to the settlement and distribution of decedents' estates, and all actions against executors and administrators. The 8th section was as follows: "Guardians, executors or administrators, may sue in said court of common pleas, any and all persons against whom any claim, debt or demand of any kind whatsoever, accrues to them in such fiduciary capacity; and in all cases where executors, administrators or guardians, are plaintiffs, the common pleas shall have concurrent jurisdiction with the circuit court."

In *Wheeler* v. *Calvert's Adm'r*, 25 Ind. 365, which was a suit by an administrator in the court of common pleas, upon a promissory note for $4.50, the cause of action was admitted by the defendant, and this court sustained a judgment against the defendant for costs. In construing said sections 4 and 8, the court held that all suits against executors or administrators *must* be brought in said court of common pleas, and that executors and administrators might sue in that court upon any claim, debt or demand of any kind accruing to them in their fiduciary capacity, without regard to the amount of such demand, and that in all such cases costs would follow judgment. It was further said that executors and administrators might sue either in the circuit court or before justices of the peace, in cases in which jurisdiction was conferred on those courts, but that they were not compelled to do so, but might sue in the common pleas.

Referring to the original section 11 of said act, which provided, among other things, that the court of common pleas should have concurrent jurisdiction with justices in all cases

where the sum due or demanded was not less than $50, the court held that this had no relation to cases in which executors, administrators or guardians were parties under the jurisdiction conferred by said sections 4 and 8.

When this decision was rendered there was in force, as there is now, a statute providing that " Every executor or administrator shall have full power to maintain any suit in any court of competent jurisdiction, in his name as such executor or administrator, for any demand of whatever nature due the decedent in his lifetime," etc. 2 R. S. 1876, p. 546, section 151 ; R. S. 1881, section 2291.

As further provided in the section just quoted in part, the administrator would not, in such suit brought in his fiduciary capacity, be liable for any costs in his individual capacity ; yet, in an action so brought by him in the circuit court while the court of common pleas was in existence, the judgment as to costs would be controlled by the general provisions of the code, and if recovered by the defendant would be made payable out of the assets of the estate.

In the statute of March 6th, 1873 (Acts 1873, pp. 87, 96), the offices of common pleas judge and district attorney were abolished, and it was provided (sec. 79), that the circuit courts, " in addition to the jurisdiction heretofore exercised by them, shall also have the same jurisdiction that has heretofore been exercised by the court of common pleas, and all laws and parts of laws concerning said courts of common pleas, shall be hereafter construed to mean and apply to said circuit courts, so far as the same may be applicable."

As to actions of which the common pleas and circuit courts had concurrent jurisdiction, so that they might be brought and conducted in either court with the same result in all respects, nothing was added to the jurisdiction of the circuit court by the statute abolishing the common pleas; but as to all matters in which the common pleas had an exclusive or peculiar jurisdiction, that jurisdiction was transferred and added to the jurisdiction of the circuit court, and the laws or

parts of laws which had conferred such jurisdiction on the common pleas were continued in force, the name of the circuit court being understood as substituted therein for that of the common pleas.

Thus was transferred to the circuit court exclusive jurisdiction in all matters in relation to the settlement and distribution of the estates of decedents, and in all actions in which executors or administrators were the only defendants.

If this court was correct in holding that the common pleas, under said section 8, had a peculiar jurisdiction, distinct from that of the circuit court in actions brought by guardians, executors or administrators, as to which the general provisions in relation to jurisdiction and to costs were not applicable, and if by virtue of special provisions only applicable to the common pleas court, such actions might be brought in that court without regard to the amount of the demand, and costs would follow judgment without regard to the amount of recovery, it would seem to follow that the same jurisdiction now belongs to circuit courts. An individual about to sue may well be supposed to generally be better informed concerning payments that may be proved by the defendant than an administrator pursuing the settlement of a decedent's estate. Whatever reasons there were for providing that in one court, the one having exclusive jurisdiction of actions against executors and administrators, they might sue without regard to the amount of the demand, and recover costs if they recovered judgment, those reasons still exist; and the Legislature has nowhere indicated an intention that said section 8, as construed in *Wheeler* v. *Calvert's Adm'r, supra,* shall not apply to the circuit court.

We find no error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.