Filed June 26, 1884.

———◆———

No. 11,453.

YEARLEY, ADMINISTRATOR, v. SHARP, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Appeal to Supreme Court.*—*Dismissal of Appeal.*— Where an administrator considers himself aggrieved by a decision of a circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate, and prosecutes an appeal from such decision to the Supreme Court, he is not required to file any appeal bond; but he must file a transcript of the record, on his appeal, in the Supreme Court, at the latest, within twenty days after such decision was made, unless, "for good cause shown," such time has been extended by the Supreme Court. Otherwise a motion to dismiss the appeal must be sustained.

From the Delaware Circuit Court.

*J. R. McMahan*, for appellant.

*W. Brotherton* and *C. E. Shipley*, for appellee.

HOWK, J.—This was a claim filed by the appellant, Yearley, as administrator *de bonis non* of the estate of Henry B. Trout, deceased, against the estate of Washington Trout, de-

ceased, of which latter estate the appellee Sharp is adminis-
trator. The cause was put at issue and tried by the court,
and, at the request of the appellant, the court made a special
finding of facts and stated its conclusions of law thereon in
favor of the appellee, the defendant below. The court ren-
dered judgment in favor of the appellee and against the ap-
pellant on the first day of February, 1883, for the costs of
suit. On the last day of January, 1884, the appellant filed a
certified transcript of the proceedings and judgment in this
cause, with his assignment of errors endorsed thereon, as and
for an appeal therefrom, in the clerk's office of this court.

The appellee has moved this court in writing to dismiss
the appeal in this case, for the following causes:

" 1. The appeal was not taken in the time nor in the man-
ner prescribed by law;

" 2. The appeal was not taken in the time nor in the man-
ner prescribed by sections 2454 to 2457, R. S. 1881; and,

" 3. The decision and judgment from which said appeal
was taken was rendered in the Delaware Circuit Court on
February 1st, 1883, and the transcript was not filed in this
court until January 31st, 1884, nor was summons from this
court issued nor served upon appellee until after the expi-
ration of the year following the date of the judgment, nor was
time granted by this court to extend the period for taking
such appeal beyond the twenty days allowed by law."

It will be observed from our statement of this case that the
parties on both sides, plaintiff as well as defendant, were the
administrators respectively of a decedent's estate. Unques-
tionably, therefore, an appeal from the decision of the trial
court could be taken by the party aggrieved thereby only in
the manner and within the time prescribed in sections 2454
to 2457, R. S. 1881. Section 2454 provides, in substance, that
any person considering himself aggrieved by any decision of
a circuit court, or judge thereof in vacation, growing out of
any matter connected with a decedent's estate, may prosecute
an appeal to the Supreme Court, upon filing with the clerk

of such circuit court a bond with penalty and surety, and payable and conditioned as therein required. In section 2457 it is provided, substantially, that where, as in this case, an appeal is taken by an administrator, he need not file an appeal bond. Section 2455 provides as follows: "Such appeal bond shall be filed within ten days after the decision complained of is made, unless, for good cause shown, the court to which the appeal is prayed shall direct such appeal to be granted on the filing of such bond within one year after such decision. But any person who is aggrieved, desiring such appeal, may take the same in his own name, without joining with any other person. The transcript shall be filed in the Supreme Court within ten days after filing the bond."

In the case in hand no appeal bond was filed, and, as the appellant was an administrator, none was required to be filed. Nor did the appellant make any application to this court for an extension of time within which he might lawfully perfect his appeal; but, without any leave, order or direction of this court, on the last day of the first year after the decision below was made, by which he considered himself aggrieved, he filed the transcript of this cause in the clerk's office of this court, as and for an appeal from such decision. The question presented for our decision, by the appellee's motion to dismiss the appeal so taken, may be thus stated: Does the statute authorize an appeal to be taken by an administrator in such a case, in the manner or after the lapse of time in which this appeal was taken? Or, more briefly, did the appellant take this appeal in conformity with the requirements of the statute? We are of opinion that these questions must be answered in the negative. In the sections of the statute above referred to, the legislative intent is clearly manifest that, in every case, where an appeal may be taken to this court from any decision of a circuit court, or judge thereof in vacation, in regard to any matter connected with a decedent's estate, the transcript must be filed in this court, at the latest, within twenty days after the decision complained of was

made, unless, " for good cause shown," this court may direct that the appeal may be perfected after the expiration of that time, and within one year after such decision. The precise question here presented has never been considered by this court in any of its previous decisions, but we do not doubt the correctness of our conclusion. The appeal in this case was not taken in conformity with the requirements of the statute, and the appellee's motion to dismiss it must be sustained.

The appeal is dismissed, with costs.

Filed June 26, 1884.