No. 15,747.

SIMONS ET AL. *v.* SIMONS, TRUSTEE.

APPEAL.—*Time of Filing Transcript.*—Under the act of April 11th, 1885 (Acts 1885, p. 194, Elliott's Supp., section 417), providing that the appeal bond, in cases governed thereby, shall be filed within ten days after the decision complained of is made, and that the transcript shall be filed in the Supreme Court within thirty days after filing the bond, forty days are given within which to perfect appeals, and the fact that the appellant files his bond within the ten days will not limit the time for filing the transcript.

From the Allen Circuit Court.

*A. Zollars,* for appellants.

*W. J. Vesey* and *O. N. Heaton,* the appellee.

McBRIDE, J.—The appellee moves to dismiss the appeal in this case on two grounds:

1st. That the appeal was not taken in time.

2d. That no brief was filed within sixty days from the date of submission.

The position of the appellee is that the appeal is governed by sections 2454 and 2455, R. S. 1881, and section 417, Elliott's Supplement, and the appeal bond having been filed July 7th, 1890, while the transcript was not filed in this court until the 7th day of August, 1890, it was filed one day too late.

The appellant contends that the appeal is not governed by the sections of the statute in question.

It is not necessary for us to consider this phase of the controversy. The judgment appealed from was rendered June 28th, 1890. Section 417, *supra,* provides that the appeal bond, in cases governed thereby, shall be filed "within ten days after the decision complained of is made, unless, for good cause shown, the court to which the appeal is prayed shall direct such appeal to be granted on the filing of such bond within one year after such decision. * * * The trans-

cript shall be filed in the Supreme Court within thirty days after filing the bond."

This section is an amendment to section 2455, *supra,* the only change being that section 2455, as originally enacted, required that the transcript be filed within *ten* days after filing the bond. That section has been several times construed by this court as allowing twenty days within which to perfect the appeal. *Yearley* v. *Sharp,* 96 Ind. 469; *McCurdy* v. *Love,* 97 Ind. 62; *Browning* v. *McCracken,* 97 Ind. 279; *Miller* v. *Carmichael,* 98 Ind. 236.

Applying the same rule to section 417 will allow forty days within which to perfect appeals—ten days within which to file the bond and thirty days thereafter within which to file the transcript in this court. The fact that the appellant files his bond within the ten days will not limit the time for filing the transcript. The law gives the same time to both parties to appeal. An administrator or executor is not required to file a bond, yet he may take the full forty days for perfecting an appeal, and the opposite party is entitled to the same time.

The law is intended to be equal in its operation, and to apply alike to the parties on both sides of the controversy. If the administrator or executor, who files no bond, may perfect his appeal at any time within forty days (about which there seems to be no doubt), there is no good reason why the opposite party should not have the same right. The appeal was therefore perfected in time.

The controversy is over a report filed by a trustee—the appellants having filed exceptions to it. The brief filed contains a statement of certain facts alleged to be shown by the report, together with something by way of argument, claiming to show an abuse of the trust and mismanagement of the trust property.

While not such an argument as should be addressed to the court in a case of so much apparent importance, it can not be said that it is not a brief, and at least a partial compliance

with the rule.   Illness of counsel is shown as an excuse for not filing a more elaborate brief.

Motion to dismiss overruled.

Filed Oct. 14, 1891.