STULTS, ADMINISTRATOR, ET AL. *v.* GIBLER ET AL.

[No. 17,808. Filed December 1, 1896. Rehearing denied Jan. 6, 1897.]

APPEAL AND ERROR.— *Parties.—Vacation Appeals.*—All parties affected by the judgment must be made co-appellants in this court, in a vacation appeal, or the appeal will be dismissed.

From the Huntington Circuit Court. *Appeal dismissed.*

*J. M. Hatfield*, for appellants.

*B. M. Cobb*, for appellees.

MONKS, J.—John Gibler brought this action against William H. Baker and appellants to foreclose a mortgage and recover judgment for the indebtedness secured thereby. All the appellants except Stults, administrator, were heirs at law of Martha Slusser,

the sole maker of the notes secured by said mortgage, which was executed by her and her husband upon her separate real estate.

This appeal is governed by the provisions of the civil code, and not by the provisions of the act concerning the settlement of decedents' estates, being sections 2609-2612, Burns' R. S. 1894 (2454-2457, R. S. 1881).

As the record does not show that any appeal was prayed or appeal bond filed, as required by section 650, Burns' R. S. 1894 (638, R. S. 1881), this appeal, so far as appellants, other than Stults, administrator, are concerned, is not a term-time appeal.

It is provided, however, by section 657, Burns' R. S. 1894 (645, R. S. 1881), that "Executors, administrators, and guardians may have an appeal and stay of proceedings in the court below, without giving an appeal bond."

This section does not provide, however, that an executor, administrator or guardian can take a term-time appeal under the provisions of section 650 (638), *supra,* without filing an appeal bond and complying with the other provisions of said section. But conceding, without deciding, that an executor, administrator or guardian is entitled to take a term-time appeal under said section 650 (638), *supra,* without filing an appeal bond, it is clear that unless the appeal is prayed and a stay of proceedings is obtained in the court below, as provided in section 657 (645), *supra,* the appeal would be a vacation and not a term-time appeal. The record does not show that Stults, administrator, prayed an appeal or procured an order in the court below for a stay of proceedings; it follows, therefore, that the appeal is governed by law regulating vacation appeals, and not by the law regulating term-time appeals.

It is settled law in this State that all parties affected by the judgment, must, in all appeals governed by the civil code, except those taken during term time under the provisions of section 638, R. S. 1881 (650, Burns' R. S. 1894), be made co-appellants in this court, or the appeal will be dismissed for want of jurisdiction. *Roach* v. *Baker*, 145 Ind. 330, and cases cited; *Shuman* v. *Collis*, 144 Ind. 333; *Lee* v. *Mozingo*, 143 Ind. 667, and cases cited p. 671; *Denke-Walter* v. *Loeper*, 142 Ind. 657, and cases cited.

William H. Baker was a co-party with appellants in the court below, and was affected by the judgment, and should therefore have been made a co-appellant to place the case within the jurisdiction of this court. *Lee* v. *Mozingo, supra*. This has not been done.

The appeal is therefore dismissed.