# CASES DECIDED

# APPELLATE COURT

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1904, IN
THE EIGHTY-EIGHTH AND EIGHTY-NINTH
YEARS OF THE STATE.

---

CHIPMAN, ADMINISTRATRIX, *v.* WELLS ET AL.

[No. 5,390. Filed November 1, 1904.]

1. APPEAL AND ERROR.—*Decedents' Estates.—Time of Filing Transcript by Administrator.*—Where an appeal is taken by an administrator in an action growing out of a matter connected with the decedent's estate, such appeal is governed as to the time of filing the transcript in the Appellate Court by §2610 Burns 1901, Acts 1899, p. 397. p. 3.

2. SAME.—*Failure of Administrator to File Transcript Within Time Allowed Adverse Party.—Dismissal.*—Where an administrator, in an appeal growing out of a matter connected with the decedent's estate, fails to file his transcript on appeal, within 100 days from the date of the decision complained of, the time allowed to an adverse party by §2610 Burns 1901, Acts 1899, p. 397, such appeal will be dismissed. p. 3.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Celenda L. Chipman filed her current report as administratrix of the estate of Cassius H. Chipman, deceased. From a judgment sustaining certain exceptions filed by Millie Wells and husband, said administratrix appeals. *Dismissed.*

*J. G. Orr* and *T. E. Howard,* for appellant.

*Andrew Anderson, W. G. Crabill, Lucius Hubbard* and *A. L. Hubbard,* for appellees.

Chipman *v.* Wells.

BLACK, C. J.—The appellees have moved to dismiss this appeal. The decision from which the appeal was taken was one growing out of a matter connected with a decedent's estate, within the meaning of §§2609-2612 Burns 1901, Acts 1881, p. 423, §§228, 230, 231, Acts 1899, p. 397.

The judgment appears to have been rendered July 9, 1903. The appellant's motion for a new trial was overruled September 25, 1903. The transcript of the record on appeal was filed in this court July 13, 1904. Section 2609, *supra,* provides that any person considering himself aggrieved by any decision of a circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate, may prosecute an appeal to the Supreme Court, upon filing with the clerk of the circuit court an appeal bond described. Section 2610, *supra,* as amended in 1899 (Acts 1899, p. 397), provides that such appeal bond shall be filed within ten days after the decision complained of is made, unless, for good cause shown, the court to which the appeal is prayed shall direct such appeal to be granted, on the filing of such bond, within one year after such decision, but that any person who is aggrieved, desiring such appeal, may take the same in his own name without joining any other person, and that the transcript shall be filed in the Supreme Court within ninety days after filing the appeal bond. Section 2611, *supra,* relates to the taxing of costs, and by §2612, *supra,* it is provided that, in any appeal prayed by an executor or administrator from the decision of any court or judge thereof in vacation, it shall not be necessary for such person to file an appeal bond. In the portion of the civil code relating to appeals, provision is made that executors, administrators, and guardians may have an appeal and stay of proceedings in the court below without giving an appeal bond, while §§2609-2612, *supra,* form part of the statute relating to the settlement of decedents' estates, and have relation to proceedings under that statute.

1.   While it is not necessary for an executor or adminis-
trator, in taking an appeal from a decision by which he,
in his representative capacity, is aggrieved, to give or file
an appeal bond, yet he is affected by the provision of the
statute relating to the time of filing the transcript, and,
where his appeal is taken from a decision growing out of a
matter connected with the decedent's estate under the stat-
ute relating to the settlement of decedents' estates, he must
file the transcript within the time required of other parties
desiring to appeal from such decision, that is, within one
hundred days after the decision.

2.   Counsel for the appellant say that, in legal effect,
the sections above mentioned in the statute, relating to
the settlement of decedents' estates, provide that all persons,
except executors and administrators, considering them-
selves aggrieved by any decision growing out of any matter
connected with a decedent's estate, may prosecute an appeal
upon filing a suitable bond within ten days after such
decision, and filing the transcript within ninety days after
filing the bond; that §§2609, 2610, supra, provide for a
term-time appeal in all matters connected with a decedent's
estate, so far as all persons other than executors and ad-
ministrators are concerned; but that as to executors and
administrators these sections do not provide for such term-
time appeal, and that appeals taken by them are governed
by the civil code, which provides that appeals must be taken
within one year from the time the judgment is rendered;
and that this has been expressly decided by the Supreme
Court in *Stults* v. *Gibler* (1897), 146 Ind. 501; and they
also ask our attention to *Bake* v. *Smiley* (1882), 84 Ind.
212, and *Ruch* v. *Biery* (1887), 110 Ind. 444.

*Stults* v. *Gibler, supra,* was a suit to foreclose a mort-
gage and to recover a judgment for the indebtedness secured
thereby, to which an administrator, with others, was a party
defendant, and the appeal was brought by the administrator
and other defendants without making a co-appellant one of

the parties affected by the judgment. It was expressly stated by the court that the appeal was governed by the provisions of the civil code, and not by those of the act concerning the settlement of decedents' estates; and conceding, without deciding, that an executor, administrator or guardian is entitled to take a term-time appeal under the civil code, without filing an appeal bond, it was held that the appeal in that case was a vacation appeal, and not a term-time appeal; and it was dismissed for failure to make such coparty, affected by the judgment, a co-appellant. The appeal in that case was governed as to all of the parties by the provisions of the civil code because the action was not a proceeding under the provisions of the statute relating to the settlement of decedents' estates, but was one governed in all respects by the civil code.

Bake v. Smiley, supra, as is shown in the opinion of the court, was governed, as to the manner of taking the appeal, by the statute of 1852. While that statute provided for the taking of an appeal by filing an appeal bond within thirty days after the decision, and it expressly provided that it was not necessary for an executor or administrator to file such bond, it did not prescribe the time for the filing of the transcript; and the court directed attention to what it called a "material addition" in the statute of 1881 of the provision that in such an appeal "the transcript shall be filed in the Supreme Court within ten days after filing the bond." The case affords no support to the appellant.

In Ruch v. Biery, supra, which was an appeal taken by an administrator in a matter arising under the statute relating to the settlement of decedents' estates, being an appeal from a decision upon exceptions taken to the administrator's final account and report, filed in 1883, the court declined to dismiss the appeal because no bond was filed within ten days. There was no question relating to the time of filing the transcript on appeal. By amendment in 1885 of the statute of 1881 it was provided that the tran-

Zaring v. Perrin Nat. Bank.

script should be filed in the Supreme Court within thirty days after the filing of the bond (Acts 1885, p. 194, §2610 Burns 1894); and the section thus amended was again amended in 1899, by providing that the transcript shall be filed within ninety days after the filing of the bond, as above shown. The distinction so noted in *Bake* v. *Smiley, supra,* between the statute of 1852 and the statute of 1881, was also pointed out in *Bender* v. *Wampler* (1882), 84 Ind. 172, and it was said that the provisions in question of the act of 1852 only controlled the time within which the bond should be filed, and not the time within which the appeal might be perfected; and that an executor could appeal at any time within one year after the decision, without bond; but that the rule as to the time of perfecting the appeal, as applicable to cases arising under the provisions of the revision of 1881, in this class of cases, was changed. The following cases sustain the conclusion that under the statute now in force the executor or administrator appealing must file the transcript in this court within the period in which it would be necessary for the adverse party to perfect an appeal: *Yearley* v. *Sharp* (1884), 96 Ind. 469; *Miller* v. *Carmichael* (1884), 98 Ind. 236; *Simons* v. *Simons* (1891), 129 Ind. 248; *Campbell* v. *Horner* (1895), 12 Ind. App. 86.

Appeal dismissed.