Willis, Administrator *v.* Ferguson, Guardian.

[No. 9,465. Filed March 10, 1916. Rehearing denied June 28, 1916.

1. Appeal.—*Time for Perfecting.—Extension of Time.—Showing Good Cause.—Statute.*—Under §2977 Burns 1914, §2454 R. S. 1881, and §2978 Burns 1914, Acts 1913 p. 65, providing that any person considering himself aggrieved by a decision of the circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate, may appeal by filing a bond within thirty days from the rendition of the decision complained of, unless, for good cause shown, the court to which the appeal is prayed shall direct such appeal to be granted, upon the filing of a bond, within 180 days after such decision, an appellant will not be granted additional time beyond the thirty-day period in which to perfect the appeal unless he complies with the statute by showing good cause therefor. p. 565.

2. Appeal.—*Time of Perfecting.—Administrator.—Statute.*—While an administrator, under §2980 Burns 1914, §2457 R. S. 1881, is not required to file an appeal bond in an appeal from a decision

growing out of any matter connected with a decedent's estate, yet he must comply with the requirements of the statute (§2978 Burns 1914, Acts 1913 p. 65) in so far as the time for perfecting an appeal is concerned, and, in the absence of a showing by appellant for additional time in which to perfect the appeal, it must be dismissed where the transcript is not filed within 120 days after the decision complained of is made.   p. 566.

From Marion Probate Court; *Mahlon E. Bash*, Judge.

Action by Frank Ferguson, guardian, against Cassius M. C. Willis, administrator. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed*.

*Joseph K. Brown* and *John Browder*, for appellant.

*R. N. Miller*, for appellee.

Moran, J.—The question for consideration by the court at this time is, Should this appeal be dismissed for failing to perfect the same within the time allowed by statute to appeal from matters growing out of decedent's estates? The appeal was taken by appellant, the administrator of the estate of Joseph S. Beck, deceased, from an adverse holding to the estate on exceptions filed to appellant's final report by appellee as guardian of the minor children of appellant's decedent. A brief history of the facts is necessary to an intelligent understanding of the question presented for consideration. Appellant, as the administrator of the estate of Joseph S. Beck, collected the sum of $320 from the Metropolitan Life Insurance Company upon a policy of insurance issued on the life of appellant's decedent, and out of which appellant paid funeral expenses of the deceased in the sum of $92. After the payment of the funeral expenses appellee, as guardian of the minor children of the deceased, filed an intervening petition on the

theory that all the money collected on the policy of insurance belonged to the minor children, and prayed that the same be turned over to him for their use and benefit.   Upon issue being joined on the intervening petition and submission had, a finding and judgment was entered in favor of appellee and against appellant as administrator. Thereupon appellant proceeded to take the necessary steps to perfect an appeal from the judgment, and before the same was perfected, with the knowledge and approval of the probate court, a compromise in writing was entered into between appellant and a firm of attorneys supposed to be representing appellee, as guardian.   By the terms of the agreement appellant was to be permitted to take credit for $92 paid on funeral expenses.   Thereafter, upon appellant filing his final report, exceptions were filed by appellee; and the court on the hearing of the same found for appellee and against appellant as administrator, treating the amount of insurance collected as that much surplus in appellant's hands, and ordered the same turned over to the guardian.   A judgment to this effect was rendered on April 26, 1915, and on May 26, 1915, a motion for a new trial was overruled. On June 24, 1915, an appeal bond was filed and approved, and on November 19, 1915, a transcript of the proceedings reached this court.

The statute (§2977 Burns 1914, §2454 R. S. 1881; §2978 Burns 1914, Acts 1913 p. 65) which appellee insists controls this appeal, provides, among other things, that any person considering himself aggrieved by a decision of the court or judge, in vacation, may prosecute an appeal by filing an appeal bond within thirty days from the date of the decision complained of, unless for good cause shown the court to which

the appeal is prayed shall direct an appeal to be granted on the filing of such bond within 180 days after the decision, the transcript to be filed within ninety days after the filing of the appeal bond. There is no contention on the part of appellant that this is not a matter growing out of and connected with a decedent's estate within the meaning of the statute, and in this there is no room for controversy, as appellant was at the time acting in his official capacity, and in the interest of the estate, and, further the finding and judgment was against him in this capacity. *Bake* v. *Smiley* (1882), 84 Ind. 212. Therefore, we must look to the statute providing for appeals in matters of this character to ascertain the time within which to perfect the same. No cause has been shown in this court why the appellant should have additional time in which to perfect the appeal, as provided by statute, and in order to invoke the favor of the court in this respect the statute must be complied with by showing good cause therefor. *Campbell* v. *Horner* (1895), 12 Ind. App. 86, 39 N. E. 768.

The administrator, so far as the time fixed for taking the appeal is concerned, is required to comply with the statute the same as any other litigant, except, however, he is not required to file an appeal bond. §2980 Burns 1914, §2457 R. S. 1881. *Chipman* v. *Wells* (1904), 34 Ind. App. 1, 72 N. E. 172; *Yearley* v. *Sharp* (1884), 96 Ind. 469; *Miller* v. *Carmichael* (1884), 98 Ind. 236; *Simons* v. *Simons* (1891), 129 Ind. 248, 28 N. E. 702; *Campbell* v. *Horner*, *supra*. Having concluded that the matter in controversy is connected with a decedent's estate, within the contemplation of §§2977, 2978, *supra*, and that the time for taking the appeal as provided by statute is binding upon the administrator the same

as any other litigant, there remains for consideration the fact as to whether, in the light of the statute, the appeal was perfected within the time prescribed. Any person aggrieved, as disclosed by the statute, may appeal, etc., by filing an appeal bond within thirty days after the decision complained of is made. If no showing is made for additional time, then the bond must be filed within the time prescribed and the transcript must be filed within ninety days from the filing of the bond. Although the administrator need not file an appeal bond (while in this cause he did), yet he would have 120 days to perfect his appeal in this court. *Simons* v. *Simons, supra.* The motion for a new trial having been overruled on May 26, 1915, the transcript should have been filed within 120 days therefrom, or on September 23, 1915. It was not filed until November 19, 1915. The appeal must be dismissed. *Vail* v. *Page* (1910), 175 Ind. 126, 93 N. E. 705.

The motion to dismiss the appeal is sustained, and cause dismissed.

NOTE.—Reported in 111 N. E. 810.