HASENSTAB, ADMINISTRATRIX, *v.* KENTUCKY AND
INDIANA TERMINAL RAILROAD COMPANY ET AL.

[No. 11,663.  Filed June 20, 1923.]

APPEAL.—*Term-Time Appeals by Administrators without Bond.—
Requisites.—Failure to Stay Proceedings.—Statutes.*—Notwith-
standing §2980 Burns 1914, §2475 R. S. 1881, providing that it
shall not be necessary for an administrator to file an appeal
bond, and §687 Burns 1914, §645 R. S. 1881, providing that
executors and administrators may have an appeal and stay of
proceedings in the court below without giving an appeal bond,
an executor or administrator, in order to perfect a term-time
appeal without bond, must pray an appeal and secure an order
of court staying proceedings and file the transcript with the
clerk of the Appellate Court within the time during which the
proceedings are stayed; and where an administratrix, appeal-
ing from an adverse judgment in an action for the wrongful
death of her decedent, failed to obtain a stay of proceedings,
the appeal was a vacation appeal, and, the transcript having
been on file more than ninety days without appearance by ap-
pellees, and no steps taken to bring them into court, the appeal
must, under Rule 36 of the Supreme and Appellate Courts, be
dismissed.

From Floyd Circuit Court; *John M. Paris,* Judge.

Action by Addie M. Hasenstab, administratrix of the
estate of Spear F. Jackson, deceased, against the Ken-
tucky and Indiana Terminal Railroad Company and
others.  From a judgment for defendants, the plaintiff
appeals. *Affirmed.*

*Harry W. Carpenter,* for appellant.
*George H. Hester,* for appellees.

McMAHAN, C. J.—Complaint by appellant to recover damages because of the death of Spear F. Jackson, caused by the alleged negligence of appellees. A demurrer to the complaint having been sustained, appellant excepted and refusing to plead further judgment was rendered against her. This judgment was rendered November 25, 1922, at which time appellant prayed an appeal.

The record in relation to the granting of such appeal reads as follows:

"And the plaintiff now prays an appeal to the Appellate Court of Indiana on the foregoing judgment, which appeal is granted upon the filing of an appeal bond by the plaintiff, payable to the defendants, in the sum of One Hundred Dollars, ($100) with good and sufficient surety subject to the approval of this court. And said plaintiff is allowed ninety (90) days time within which to prepare and file her general bill of exceptions."

Notice of appeal was served on the clerk and on appellees' attorney December 20, 1922. No other notice of appeal has been given or attempted. The transcript was filed in the office of the clerk of this court February 20, 1923, which is sixty-two days after the giving of the notice of appeal.

Appellees have filed a motion to dismiss the appeal for the reason that the transcript was not filed in the office of the clerk of this court within sixty days from the time of the giving of such notice, as required by Rule 2 of this court. In support of this motion appellees contend that since the transcript was not filed within sixty days from the giving of notice of appeal, the appeal must be treated as a vacation appeal, and, the cause having been on the docket of this court more than ninety days without any step being made to bring them into court, the cause must under Rule 36 be dismissed.

Appellant calls attention to §2980 Burns 1914, §2457 R. S. 1881, which provides that it shall not be necessary for an executor or administrator to file an appeal bond, and insists that she was not required to file an appeal bond in order to perfect a term-time appeal; that under the order of the court hereinbefore set out she was given ninety days in which to perfect a term-time appeal without bond. Section 646 of the Code, §687 Burns 1914, §645 R. S. 1881, provides that: "Executors, administrators and guardians may have an appeal and stay of proceedings in the court below, without giving an appeal bond."

In *Stults, Admr.,* v. *Gibler* (1896), 146 Ind. 501, 45 N. E. 340, the court in speaking of this last section said: "It is clear that unless the appeal is prayed and a stay of proceedings is obtained in the court below, * * * the appeal would be a vacation appeal and not a term-time appeal." And this court in *Holderman* v. *Wood* (1905), 34 Ind. App. 519, 73 N. E. 199, after quoting from *Stults* v. *Gibler, supra,* said: "In the case at bar it appears that the appellant prayed an appeal to this court, which was granted, but nowhere does it appear that a stay of proceedings was granted by the lower court. This is a necessary and important step in order to relieve appellant from filing bond or to give him a term-time appeal. Without this step, under the decision of *Stults* v. *Gibler, supra,* we must hold this appeal to be a vacation appeal."

To the same effect see *Willis, Admr.,* v. *Ferguson* (1916), 62 Ind. App. 563, 111 N. E. 810.

The order of the court giving appellant ninety days in which to file a bill of exceptions cannot be construed into an order staying proceedings. An executor or administrator, in order to perfect a term-time appeal without bond, must pray an appeal and secure an order of court staying proceedings and file the transcript with

the clerk of the Appellate Court within the time during which proceedings are stayed. There having been no stay of proceedings granted in this case we must treat this as a vacation appeal. The transcript having been on file in this court more than ninety days, and there being no appearance by appellees, and no steps taken to bring them into court, the appeal is dismissed.