ROBINSON, ADMINISTRATOR *v.* BENNETT ET AL.

[No. 15,188. Filed April 20, 1936.]

*E. Louis Moore,* for appellant.

BRIDWELL, J.—This is an attempted appeal from a judgment of the Marion Probate Court, whereby George W. Robinson was removed as the administrator of the estate of one Benjamin Bennett, deceased.

Appellant's brief, the only brief on file, fails to inform us as to what steps were taken to perfect the appeal, and, in order to be advised concerning this, we have examined the record. No appeal bond was filed, and, presumably, appellant has proceeded upon the theory that he is entitled to appeal without bond, pursuant to §2-3217, Burns' Ind. Stat. Ann. 1933 (§489, Baldwin's 1934), which provides that "executors, administrators, and guardians may have an appeal and stay of proceedings in the court below without giving an appeal bond." If this section of our statutory law has any applicability to cases of this character (a question which we refrain from deciding for a reason hereinafter appearing), yet, if applicable, this appeal cannot be sustained under the provisions of said section as the record discloses that appellant wholly failed to pray an appeal and stay of proceedings in the court below, a necessary step in order to perfect an appeal without bond. See *Hasenstab, Administratrix* v. *Kentucky, etc., R. Co.* (1923), 80 Ind. App. 209, 140 N. E. 68; *Stultz, Admr.* v. *Gibler* (1896), 146 Ind. 501, 45 N. E. 340.

It further appears from the record that no attempt has been made to perfect a vacation appeal. No notice of appeal was served on anyone prior to the filing of the transcript of the record and the assignment of errors in this court. The record was

filed in the office of the clerk on January 8, 1934. Since that time no effort has been made to have notice issued out of this court, and served on appellees in order that jurisdiction over the persons of appellees might be conferred. No appearance has been entered by either of the named appellees. See rule 36 of the Supreme and Appellate Courts.

Under such a state of the record, the court has no jurisdiction other than to dismiss the appeal.

Appeal dismissed.